TEXAS & NEW ORLEANS RAILROAD COMPANY ET AL.

v. W. A. PRIDDIE ET AL.

No. 6663. Decided July 15, 1936.
(95 S. W., 2d Series, 1290.)

*Duff & Cecil,* of Beaumont, *Baker, Botts, Andrews & Wharton,* of Houston, and *John D. Reinstra,* Assistant City Attorney for Beaumont, for plaintiffs in error.

*Sonfield & Sonfield,* of Beaumont, for defendants in error.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

W. A. Priddie and others, owners of real property subject to taxation in the City of Beaumont, filed this suit in the District Court of Jefferson County, against the City of Beaumont, the Mayor and Commissioners of said city, and the Texas & New Orleans Railroad Company, owning and operating a railroad system through said city. The relief sought was injunction restraining the city and railroad company from carrying out a contract, and supplement thereto, between them involving the relocation and elevation of the company's main tracks through the city, the construction of a new bridge, the construction of viaducts and underpasses at certain street crossings, the widening and opening of streets, the removal of the company's yards and terminal facilities and other things to be done in connection therewith, and restraining the city from issuing bonds in furtherance of the contract.

The trial court was of opinion that said contracts between the city and railroad company are ultra vires the city, contrary to the Constitution and laws of the State and the city's charter, and therefore perpetually enjoined the parties thereto from carrying the said contracts into effect. The judgment cancelled said contracts and perpetually enjoined the city, its officers and agents from issuing or selling the bonds of the city contemplated by said contracts. This judgment was affirmed by the Court of Civil Appeals (65 S. W. (2d) 434). The case is before us on writ of error jointly applied for by the City of Beaumont, its Mayor and Commissioners, and the Texas and New Orleans Railroad Company and "granted on the importance of the question."

There is now filed here by the City of Beaumont, through its Mayor and City Commissioners, its motion stating that it "does not longer wish to prosecute its petition for writ of error in this cause but desires now to withdraw said petition and joins the defendants in error in requesting an affirmance of the trial court and Court of Civil Appeals," its prayer being, that this court "grant its request herein to dismiss its petition for writ of error and in all things affirm the action of the trial court and the Court of Civil Appeals as requested by defendants in error." This was filed in the Supreme Court on February 23, 1935. The railroad company does not join therein but desires to prosecute the matter to a conclusion.

However, in oral argument on submission of the case, it was disclosed that because of changed conditions and lapse of time since the making of the contract, the railroad company, if the same be upheld, would require certain modifications and changes, so that as a practical proposition, the original contract cannot and will not now be carried out as it was written.

From the above statement it affirmatively appears that neither the city nor the railroad company intend to proceed further under this contract as it now exists. There is therefore now no necessity for any character of injunction to prevent its carrying out, and the case is now moot.

It is therefore ordered that the judgments of the district court and Court of Civil Appeals be reversed and the cause dismissed without prejudice. The costs in all courts shall be paid one half by the city and one half by the railroad company.

Opinion adopted by the Supreme Court July 15, 1936.