HARRIS COUNTY, Texas, Appellant,

v.

Annie Ruth DOWLEARN, Appellee.

No. 694.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 6, 1972.

Rehearing Denied Jan. 3, 1973.

**142**

Joe Resweber, County Atty., Anthony D. Sheppard, Asst. County Atty., Houston, for appellant.

David J. Beck, Phillip M. Renfro, Austin, Fulbright, Crooker & Jaworski, Houston, for appellee.

BARRON, Justice.

This action was brought by Annie Ruth Dowlearn as plaintiff against Harris County, Texas as defendant for her alleged injuries caused by various acts of negligence by employees of Harris County, Texas. The evidence shows that on February 5, 1970, the plaintiff was present in the County Courthouse for the purpose of transferring an automobile title and obtaining 1970 license plates. On the occasion in question an employée of the County offered plaintiff a seat behind a partitioned area. While plaintiff was seated, one or more unattached wall panels fell against her, causing her bodily injury. The jury found that employees of Harris Coun-

ty, while acting in the course and scope of their employment, were negligent and that such negligence was a proximate cause of plaintiff's injuries. Judgment was entered by the trial court on the verdict of the jury in favor of plaintiff in the sum of $14,316.40 with interest from date of judgment, March 21, 1972, in favor of plaintiff, Annie Ruth Dowlearn. Harris County, Texas, as appellant, has duly perfected this appeal.

Harris County, appellant, contends that the Texas Tort Claims Act, Tex.Rev.Civ. Stat.Ann. art. 6252–19 (1969), is void and unconstitutional under the terms of various portions of the Constitution of Texas; that such act is unconstitutional as a violation of the Equal Protection Clause of the Texas and United States Constitutions; that the attorneys for appellee are disqualified by reason of an alleged conflict of interest; that appellee did not comply with the requisites of Tex.Rev.Civ.Stat. Ann. art. 1573 (1962) which is a condition precedent to filing of suit against a county; that appellant was entitled to rely upon exemptions or exclusions contained in the Tort Claims Act as a matter of law; that the trial court erred in refusing appellant's request to produce evidence regarding the instrumentalities and experiments involved in the incident involved; and that the court erred in allowing interest on the judgment herein.

We first dismiss appellant's petition for writ of error. The County participated in the trial of the case. We have no jurisdiction thereof. See Tex.Rev. Civ.Stat.Ann. art. 2249a (1939); Brandt v. Village Homes, Inc., 466 S.W.2d 812 (Tex.Civ.App., Fort Worth 1971, no writ).

Moreover, writ of error is not necessary since the case has been properly brought here by appeal.

We next deal with appellant's points of errors and arguments regarding the alleged unconstitutionality of the Texas Tort Claims Act under the Texas and

Federal Constitutions.[1] Governmental immunity is a common law rule, and it originated in the courts rather than in legislative bodies. The rule has ancient origins. It was a generally accepted proposition that courts could not entertain suits against the king without his consent. The common law proposition was that the "King can do no wrong", which meant that the king, his officers, and his servants were incapable of committing torts, because the king's power was superior to that of the courts, the judges, and that of the common law. See Greenhill, Should Governmental Immunity for Torts Be Re-examined, and, If So, by Whom?, 31 Tex.B.J. 1036, 1038 (1968). Also see Greenhill and Murto, Governmental Immunity, 49 Texas L.Rev. 462 (1971); Comment, The Governmental Immunity Doctrine in Texas—An Analysis and Some Proposed Changes, 23 Sw.L.J. 341 (1969); and Comment, Governmental Immunity from Suit and Liability in Texas, 27 Texas L.Rev. 337 (1949). Government's immunity from suit is not contained in the Texas Constitution of 1876. As above stated, it is an ancient rule adopted first in Texas by the case of Hosner v. De-Young, 1 Tex. 764 (1847), without citation of authority. See also Mower v. Inhabitants of Leicester, 9 Mass. 247 (1812). Because most of the reasons for the rule have vanished and by reason of the necessities of our present way of life, many states have abolished the doctrine of governmental immunity by judicial action in whole or in part. Other states have abolished or modified the rule by legislative action.

Section 3 of the Texas Bill of Rights, Vernon's Ann.St. provides that all men have equal rights, a parallel to the Fourteenth Amendment of the United States Constitution providing for equal protection of the laws. In the case of Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810 (1947), the legislature had passed a private act enabling Mrs. Martin to sue the State Highway Department for damages for injuries resulting in the death of her husband while in the employ of the Department. The legislative act provided that the action would be tried and determined according to the same rules of law and procedure as to liability and defense that would be applicable if suit were against an ordinary Texas corporation. This apparent attempt by the legislature to waive immunity from liability was held violative of the equal rights provision of the Texas Constitution since Mrs. Martin was not subject to the same defenses that would be available to the state in a suit filed against it by any other person. Thus, the court, correctly we think, applied the equal rights provision to the attempted waiver of immunity from liability. The above case was in the nature of mandamus, an original proceeding. There was no effective appeal by the State from the judgment of the trial court. The State took the position that the judgment of the trial court was void. The Supreme Court, however, while stating that the judgment was erroneous, further stated that the unconstitutionality of a statute goes only to the merits of the cause of action, and not to the jurisdiction of the court, and a judgment in a civil suit based thereon is not void but merely erroneous, and remains effective until regularly set aside or reversed. The writ of mandamus for payment of the judgment was granted by the court, and the Supreme Court further said that "it cannot be questioned that *the legislature had the power to grant relators permission to sue the State and to provide the manner of service*." (emphasis added). 145 Tex. at 643, 201 S.W.2d at 812. We believe the above case reflects the law of Texas prior to the enactment of the Texas Tort Claims Act. Moreover, it was stated in Harris County v. Gerhart, 115 Tex. 449, 453, 283 S.W. 139, 140 (1926) that: ". . . no recovery can be had in damages (against counties for injuries resulting from negligence of their officers or agents) *unless*

1. For an analysis of the Act, see Bickley, Local Government, Annual Survey of Texas Law, 24 Sw.L.J. 199 (1970).

*liability be created by statute."* (emphasis added)

 Appellant urges that the Texas Tort Claims Act to the extent that it authorizes the use of public funds to reimburse individuals injured by the negligence of governmental employees, contravenes the Texas Constitution, because such use constitutes: (1) a grant of public monies to corporations and individuals in violation of Art. III, Sec. 51 of the Texas Constitution; (2) an authorization for the County to lend its credit and grant public money to individuals and corporations in violation of Art. III, Sec. 52 of the constitution; and (3) an appropriation for private or individual purposes in violation of Art. XVI, Sec. 6 of the Texas Constitution. These provisions of the Texas Constitution seem to present the same basic issue and have been grouped for purposes of argument. The purpose of these constitutional provisions is clearly to prevent the use of public funds for private purposes and to prevent the gratuitous grant of such funds to individuals or corporations. See Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738 (1928). The language of such cases as Harris County v. Gerhart, supra, seems to authorize the creation of the very liability prospectively assumed by the State through the Texas Tort Claims Act without constitutional amendment.

Indications of the Texas Supreme Court's approach to the Texas Tort Claims Act's relation to the public purpose limitations contained in the Texas Constitution can be seen from State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737 (1960). In the latter case the Court faced the proposition of whether the use of public funds to pay all or a part of the expense to which an individual or a corporation is subjected by the state in the exercise of its police power is an unconstitutional donation for a private purpose. A statute there was involved which provided reimbursement to utility companies for expenses incurred in relocation facilities necessitated by highway improvement. In such latter case the Court held that there could be no objection to state reimbursement provided the statute creating the right operates only prospectively, deals with a matter in which the public has a real and legitimate interest, and is not fraudulent, arbitrary or capricious. See 331 S.W.2d at 743. The Texas Tort Claims Act fulfills all of the above requirements. The argument of appellant in this connection ignores the holding in City of Beaumont v. Priddie, 65 S.W.2d 434, 440 (Tex.Civ.App., Austin 1933), judgments of lower courts rev'd and cause dism'd as moot, Texas & N. O. R. Co. v. Priddie, 127 Tex. 629, 95 S.W.2d 1290 (1936), cited and relied on in State v. City of Austin, supra. Appellant takes the position that the City of Austin case authorizes reimbursement only for private injuries sustained as a direct result of official, deliberate governmental action; whereas the Tort Claims Act purports to hold units of government across the state liable for personal, unofficial acts of governmental officers and employees committed within the course of their employment. Priddie involved the validity of an agreement by the city to pay part of the expenses incurred by a railroad in constructing underpasses where its tracks crossed public streets. It was maintained in that case that the city's contribution to the cost of construction constituted an appropriation or donation to a private corporation. It was held in part that the state may properly make an adjustment of the expenses as the peculiar equities of each situation may in its judgment dictate, and in such matters the judgment of the state is supreme. Appellant's contention is overruled. It is for the Legislature to determine whether to equalize the burden of victims injured by the negligence of state employees by reimbursing such individuals from state funds with certain limitations. While the Legislature has no right to appropriate money as a mere charity or gratuity, the problem of torts committed by officers, agents, and employees of the government is one of concern to all people of this State. The enactment

of the Tort Claims Act. we think, clearly and necessarily promotes the general welfare of this State.

■■ So far as contravening the provisions of Art. XI, Sec. 7 of the Texas Constitution is concerned, we overrule appellant's contentions. Such provision prohibits counties from creating debts for any purpose unless provision is made, at the time of the debt's creation, for levying and collecting a sufficient tax to pay the interest thereon and provide at least 2% as a sinking fund. "Debt" for the purpose of such provision, has consistently been defined as any pecuniary obligation imposed by *contract,* except such as was, at the time of such agreement, within the lawful and reasonable contemplation of the parties to be satisfied out of current revenues. Texas & N. O. R. R. Co. v. Galveston County, 141 Tex. 34, 38, 169 S.W.2d 713, 715 (1943). It is clear to us that tort obligations do not fall within the provisions of Art. XI, Sec. 7 of the constitution. See City of Dallas v. Miller, 7 Tex.Civ.App. 503, 27 S.W. 498, 500 (1894, no writ). For instance, municipal tort liability existed to a limited extent prior to the enactment of the Tort Claims Act.[2] We hold that Tex.Const. art. XI, Sec. 7 did not then, and does not now, have the effect as argued by appellant. The Act, Tex.Rev.Civ.Stat. Ann. art. 6252–19, sec. 11 (1969), lawfully provides for payment of judgments procured by reason of the limited waiver of sovereign immunity. For the reason that "debt" means a contractual obligation and for the reasons stated above, we decline to apply Texas & N. O. R. R. Co. v. Galveston County, supra.

■ We overrule appellant's contention that the involved Act violates Art. VIII, Sec. 9 of the Texas Constitution, because future claims may necessitate the county's exceeding its constitutionally permissible tax rate. Apparently, appellant does not contend that the liability imposed in the instant case will necessitate the county's exceeding its permissible constitutional taxing limit. The contention here made is purely hypothetical and a mere possibility. Moreover, under no circumstances could the Tort Claims Act be declared unconstitutional under this theory. See Brown v. Jefferson County, 406 S.W.2d 185 (Tex. Sup.1966).

■ The next contention made by appellant is that the notice provisions of section 16 of the Tort Claims Act contravene the Equal Protection Clauses of the Texas and United States Constitutions. It is further contended that it was necessary that appellee comply with Tex.Rev.Civ.Stat. Ann., art. 1573 (1962), which generally provides that a county may not be sued on a claim unless the claim is first presented to the commissioners court for allowance, and its audit and allowance is refused or neglected. The Texas Tort Claims Act provides that, except where there is actual notice that injury or death have occurred, any person making claim under the Act shall give notice to the governmental unit against which such claim is made, reasonably describing the injury claimed and the time, manner and place of the incident from which it arose, within *six months* from the date of the incident, provided, however, except where there is such actual notice, charter and ordinance provisions of cities requiring notice within a charter period permitted by law are expressly ratified and approved. Harris County contends that the unequal treatment of units of government in Texas under section 16 of the Act is irrational. As to constitutionality, a municipality, county, or other public corporation or governmental agency created and controlled by a state is not a "person" entitled, as against the state, to equal protection of the laws. Griffin v. County Sch. Bd. of Prince Edward County, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964);

2. Comment, The Governmental Immunity Doctrine in Texas—An Analysis and Some Proposed Changes, 23 Sw.L.J. 341 (1969); Comment, Governmental Immunity from Suit and Liability in Texas, 27 Texas L.Rev. 337 (1949).

16A C.J.S. Constitutional Law §§ 506 and 508 (1956). Appellant's cited cases are distinguishable. Courts do not pass upon the wisdom of legislative acts. The alleged unequal protection of the laws apparently deals with the charter and ordinance provisions in favor of cities under the notice provisions of the Act. The classification involved is plainly permissible, reasonable and rational. To state the well-known rule, the primary and ultimate test of constitutionality is whether there is a reasonable basis for the classification and whether the law operates equally on all within the class. County of Cameron v. Wilson, 160 Tex. 25, 326 S.W.2d 162, 165 (1959); 12 Tex.Jur.2d Constitutional Law sec. 110–112 (1960). For an action under the Texas Tort Claims Act, art. 1573 need not be complied with. The Act itself provides for the notice requirements, and sec. 16 of the Act is clearly intended to be an exclusive notice requirement for purposes of bringing suit under the Act. The express mention or enumeration of one thing, consequence or class is equal to an express exclusion of all others. 53 Tex.Jur.2d Statutes sec. 142 (1964). Moreover, the Act contains a repealer clause which repeals all laws in conflict with Art. 6252–19 to the extent of such conflict. (sec. 20). Appellant's contentions are therefore overruled.

Contention is made that the participation by appellee's law firm creates a conflict of interest, because the firm has served as counsel for Houston Port Authority for many years on a retainer. Houston Port Authority (Harris County Navigation District) and Harris County were created by separate statutes and operate as separate entities. Representation of one does not warrant a finding of confidential relationship with the other. Appellant raises only the possibility of a future conflict between the interests of appellee and the Port Authority, neither of whom have objected to the present law firm's representation of appellee. We see no facts in the record which warrant the conclusion that after prosecuting appellee's cause, appellee's law firm could not defend Harris County's case against the Port Authority with equal vigor and fairness. The law is that a party to a suit may not complain that other parties whose interests may be conflicting are represented by the same counsel. See Curtiss Aero. & M. Corp. v. Haymakers Warehousing Corp., 264 S.W. 326, 330 (Tex. Civ.App., Galveston 1924, writ dism'd w.o. j.); Ingenhuett v. Hunt, 15 Tex.Civ.App. 248, 39 S.W. 310 (1897, writ ref'd). And see Mandell & Wright v. Thomas, 441 S. W.2d 841, 846 (Tex.Sup.1969). Again, we do not deal in hypothetical situations. Appellant's contention is overruled.

There are a number of exceptions and exemptions applicable to the waiver of immunity from suit contained in the Texas Tort Claims Act. Tex.Rev.Civ.Stat.Ann. art. 6252–19, secs. 14 and 18; Bickley, Local Government, Annual Survey of Texas Law, 24 Sw.L.J. 199 (1970). Among the exceptions and exclusions are:

Sec. 14(5) "Any claim arising in connection with the assessment or collection of taxes by any unit of government."

. . . . . .

Sec. 18(b) "As to premise defects, the unit of government shall owe to any claimant only the duty owed by private persons to a licensee on private property, unless payment has been made by the claimant for the use of the premises. Provided, however, *that the limitation of duty contained in this subsection shall not apply to the duty to warn of special defects such as* excavations or obstructions on highways, roads or streets . . .".

Concerning the exemption relating to assessment or collection of taxes, we hold that this suit has nothing to do with the assessment or collection of taxes as contemplated by the statute. Appellee's injuries had nothing directly to do with taxes. While she was in the Harris County Courthouse for that purpose, her injuries were sustained by the negligence of county employees apart from any tax situation. The Federal Tort Claims Act has a similar provision. 28 U.S.C.A. sec. 2680(c)

(1965). In United States v. Banner, 226 F. Supp. 904 (N.D.N.Y.1963), the court held that the exception applied to a claim for damages based on the government's levy on a taxpayer's accounts receivable and subsequent failure to take any steps to collect the accounts. See also Paige v. Dillon, 217 F.Supp. 18 (S.D.N.Y.1963). So far as we can determine, all other federal cases arising under this exception to liability have as their factual basis an assessment or collection considered wrongful by the plaintiff. See United States v. Worley, 213 F.2d 509 (6th Cir. 1954), cert. denied, 348 U.S. 918, 75 S.Ct. 302, 99 L.Ed. 720 (1955). And compare Broadway Open Air Theatre v. United States, 208 F.2d 257 (4th Cir. 1953) and Little v. Schafer, 319 F.Supp. 190, 192 (S.D.Tex.1970). It cannot be said with reason that this occurrence was the result of "the assessment or collection of taxes by a unit of government."

■ Further, we do not believe that the instant claim was based on a premises defect within the meaning of the statute. Appellee alleged and proved the negligence of employees of the appellant and the duty to warn appellee of special defects of which she was not aware after she entered the courthouse. There is no evidence that such condition was open and obvious. We hold that the defect was special, and that the premises defects exclusion contained in the Act does not here apply under section 18 thereof. See Fisher Construction Company v. Riggs, 320 S.W.2d 200 (Tex.Civ. App., Houston 1959), rev'd on other grounds, 160 Tex. 23, 325 S.W.2d 126 (1959); Torres v. State, 476 S.W.2d 846, 848 (Tex.Civ.App., Austin 1972, writ ref'd n. r. e.). See also Boggus Motor Co. v. Standridge, 138 S.W.2d 643 (Tex.Civ.App., San Antonio 1940, writ dism'd judgmt. cor.).

The exclusion above states, in effect, that Harris County owed to appellee the duty owed by private persons to a licensee on private property. Apparently Harris County recognizes in its brief that it owed a duty to warn licensees of dangerous conditions. We believe the law clearly so provides. Harvey v. Seale, 362 S.W.2d 310 (Tex.Sup.1962); Gonzalez v. Broussard, 274 S.W.2d 737, 738–739 (Tex.Civ. App., San Antonio 1954, writ ref'd n. r. e.). It is doubtful, however, that appellee was a licensee but was actually a paying invitee at the time of her injuries. However, we need not decide that question.

■ Section 11 of the Tort Claims Act provides that judgments recovered against units of government pursuant to the provisions of the Act shall be enforced in the same manner and to the same extent as judgments are now enforced against such units under the statutes and law of Texas. It is clear that the terms of Tex.Rev.Civ. Stat.Ann. art. 5069–1.05 (1967) provide that tortfeasors are liable for interest on the amount of judgment from the date of judgment at the rate of six percent. And we believe it is clear enough that units of government, prior to enactment of the Texas Tort Claims Act, were liable for interest on judgments against them. See and compare State v. El Paso Natural Gas Company, 300 S.W.2d 170 (Tex.Civ.App., Austin 1957, no writ). The Texas Tort Claims Act does not negate the right to interest on judgments against the State, but on the other hand gives the right of enforcement to the same extent as applied to ordinary judgments. (Sec. 11) A liberal construction of the Act is also provided for, and Section 7 provides that the laws and statutes of the State and the Rules of Civil Procedure are applied thereto so far as they are consistent with the Act. We overrule appellant's contention and hold that interest as above is recoverable pursuant to the Act.

We have carefully considered all phases of appellant's points of error and complaints here made, and we overrule each of them.

The judgment of the trial court is in all things affirmed.