**HARRIS COUNTY FLOOD CONTROL DISTRICT, Appellant,**

v.

**Frank MIHELICH, Appellee.**

No. 16232.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 13, 1974.

Rehearing Denied July 25, 1974.

Joe Resweber, County Atty., Anthony D. Sheppard, Asst. County Atty., Houston, for appellant.

Kronzer, Abraham & Watkins, W. James Kronzer, Nick C. Nichols, Houston, for appellee.

PEDEN, Justice.

This is an appeal from a judgment in favor of Frank Mihelich for personal injuries sustained when a Flood Control District employee, in the course and scope of his employment, negligently drove one of the District's trucks into Mihelich's car. Appellant's only point of error on this appeal is that the Texas Torts Claims Act, Art. 6252–19 Vernon's Texas Civil Statutes (1969), violates Article 16, Section 59(c) of the Vernon's Ann. Texas Constitution and is void insofar as the Flood Control District is concerned.

Section 59(c) of Article 16 states:

"(c) The Legislature shall authorize all such indebtedness as may be necessary to provide all improvements and the maintenance thereof requisite to the achievement of the purposes of this amendment, and all such indebtedness may be evidenced by bonds of such conservation and reclamation districts to be issued under such regulations as may be prescribed by law and shall also, authorize the levy and collection within such districts of all such taxes, equitably distributed, as may be necessary for the payment of the interest and the creation of a sinking fund for the payment of such bonds; and also for the maintenance of such districts and improvements, and such indebtedness shall be a lien upon the property assessed for the payment thereof; provided the Legislature *shall not authorize the issuance of any bonds or provide for any indebtedness against any reclamation district unless such proposition shall first be submitted to the qualified property tax-paying voters of such district and the proposition adopted.*" (emphasis added).

Mihelich concedes that Soil Conservation Districts and Flood Control Districts are similarly created.

It is the District's contention that unless the qualified property tax-paying voters approve an indebtedness created by the Texas Torts Claims Act any liability arising out of such Act is violative of the quoted article of the Constitution. In support of this position appellant cites Texas Attorney General's Opinion No. M–521 (1969), which stated:

"We duly note that under Section 2(1) [of the Texas Torts Claims Act], your agency and each local district are 'units of government', and that Section 11 of the Torts Claims Act, provides for taxing power to districts which have a final judgment rendered against them under said Act. This provision insofar as it authorizes a tax levy without a prior vote of the voters of such district and insofar as it applies to districts created pursuant to the provision of Article XVI, Section 59 of the Constitution of Texas is inapplicable, as such would otherwise be in violation of the last proviso of Subsection (c) of said Conservation Amendment."

The District also cites Brown County Water Improvement District No. 1 v. Austin Mill & Grain Co., 135 Tex. 140, 138 S. W.2d 523 (1940), as construing "any indebtedness" in the constitutional provision to include that created by a judgment. The *Brown County* case deals with the validity of an ad valorem tax to raise funds to pay "current and maintenance expenses of the district and improvements." The tax was levied without first obtaining voter approval; the issue in the case was whether this tax came within the purview of the proviso clause of Section 59(c).

The word indebtedness appears four times in Section 59(c); the first three times it is preceded by the word "such" and the final time (in the proviso clause) it is preceded by the word "any". The section provides a guarantee to the property owners in reclamation districts that certain tax liens will not be placed upon their property without their prior consent. In determining the meaning of "such indebtedness" the court stated at page 525 of 138 S.W.2d:

"... 'indebtedness', as here used, ... obviously has a broad significance as covering all debts or obligations created for improvements or maintenance."

The court declined to limit the meaning of "any indebtedness" to the restricted meaning of the word "debt" as used in Article 11, Sec. 5 of the Texas Constitution ("any pecuniary obligation imposed by contract, except such as were, at the date of the contract, within the lawful and reasonable contemplation of the parties, to be satisfied out of the current revenues for the year, or out of some fund then within

the immediate control of the corporation") but held that "any indebtedness" includes all debts or obligations incurred in connection with improvements and maintenance, so prior voter approval is required before taxes can be collected to be used for those purposes.

Clearly, the purpose of Section 59(c) of Article 16 is to control and limit the incurring of indebtedness for improvements and their maintenance by certain districts. The Brown County case was brought to collect maintenance taxes and its holding does not extend to a judgment in a tort case.

We hold that liability incurred by reason of the tortious conduct of the District's employee does not come within the scope of the limitations imposed by Art. 16, Sec. 59(c), so prior approval of the electorate is not required before a valid judgment may be rendered and recovery had by an injured plaintiff for damages thus incurred. The Texas Torts Claims Act was enacted some nineteen years after the opinion was rendered in the Brown County case. We do not agree with the 1969 opinion No. M–521 of the Attorney General.

It is our view that an obligation that arises from a judgment in a tort case does not come within the purview of Section 59(c), which concerns indebtedness authorized by the legislature for improvements and maintenance. The legislature did not authorize the indebtedness of the District in our case, it merely authorized an injured claimant to sue the District for its negligence under certain circumstances. The liability thus established is fortuitous; it is not a voluntary indebtedness of the District.

The District contends that § 11 of the Texas Torts Claims Act, which allows it to levy an ad valorem tax to satisfy a judgment obtained under the act, would place a heavy burden upon land owners in small reclamation districts unless prior to the judgment they voted to approve the act. The essence of this argument is that the voters have a constitutional right to vote upon whether or not their reclamation district is to be bound by the Texas Torts Claims Act. Nowhere in our Constitution is the right of sovereign immunity expressed or guaranteed. It is a common law rule that originated in the courts rather than in legislative bodies. Harris County v. Dowlearn, 489 S.W.2d 140 (Tex.Civ.App.1972, writ ref. n. r. e.). The Constitution does not guarantee taxpayers the right to determine whether a governmental unit, of which they are a part, will be liable for the tortious conduct of its agents. Article 16, § 59(c) only guarantees the right to approve indebtedness for the improvements and maintenance in the district, when that indebtedness will create liens upon their property.

We hold that "indebtedness" in Article 16, Section 59(c) does not foreclose liability of the Flood Control District for negligence of its agents and that the method of collection of a judgment provided in the Torts Claims Act is not violative of Article 16, Section 59(c) of the Texas Constitution.

Affirmed.