

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 20, 1975

The Honorable Hugh C. Yantis, Jr.　　　　Opinion No. H- 740
Executive Director
Texas Water Quality Board　　　　　　　Re: Constitutionality of procedures
P. O. Box 13246　　　　　　　　　　　by which waste disposal systems
Austin, Texas 78711　　　　　　　　　are financed.

Dear Mr. Yantis:

You have requested our opinion regarding the financing of waste disposal systems by various special districts.

Your first question is whether the Regional Waste Disposal Act, section 25.001, et seq., Texas Water Code, grants to all districts created pursuant to article 16, section 59 or article 3, section 52 of the Texas Constitution, the authority to issue bonds to finance the acquisition, construction, improvement, enlargement, extension or repair of disposal systems, without regard to the district's previous water pollution control efforts. A portion of the Regional Waste Disposal Act, section 25.051 provides:

> In order to acquire, construct, improve, enlarge, extend, or repair disposal systems, the district may issue bonds secured by a pledge of all or part of the revenue from any contract entered into under this chapter and other income of the district.

Neither of the referenced constitutional provisions nor section 25.051 imposes any requirement that the bond issuance be related to the primary activities of the district or that the district itself be or have been engaged in the actual operations of waste collection, treatment and disposal. We therefore answer your first question in the affirmative.

You also ask whether a district's role in providing waste collection, transportation, treatment and disposal systems may be limited to its financing of such facilities, and, if not, whether a procedure must be followed whereby title to the facilities is transferred from the district to the contracting company which would be the ultimate owner or operator of the facilities. By the terms of the Water Code, a district is empowered to "acquire, construct, improve, enlarge, extend, repair, operate and maintain one or more disposal systems," section 25.021; to "purchase or sell" such facilities, section 25.022; and to "lease to or from any person," section 25.023. A district is not granted the authority simply to "finance" a waste disposal system. Consequently, the district must at some point have title to the system, so that it may sell or lease the system to the company.

Your next question is whether a district's ownership of a system is to be considered by the Texas Water Quality Board in certifying the facilities as being for water pollution control purposes, or by some other agency. The Board is required to make the essential determination that a system's "plans and specifications. . . conform to the waste discharge requirements and water quality standards established by the board." Water Code § 21.086(c). The Attorney General, however, is responsible for determining that "the bonds are authorized and that the contract is made in accordance with the constitution and laws of this state. . . ." Water Code § 25.056(c). In order to be able to certify that the bonds are authorized and that the contract is made pursuant to law, the Attorney General must of course ascertain that the district does in fact have title to the system.

Finally, you ask whether the Texas Constitution would prohibit a contracting company from realizing a profit from the sale of a by-product which is removed from the waste stream. Article 3, section 51 of the Constitution proscribes any "grant of public moneys" to a private individual or corporation. Article 3, section 52 prohibits a governmental entity from "lend[ing] its credit" for any private purpose. If a waste disposal system has been financed through a public bond issue, and the contracting company realizes a profit from the sale of a by-product removed from the waste stream, and hence the profit is solely derived from the company's ownership of the system, it could be stated as a general

proposition that the contracting governmental entity has acted in contra-
vention of either or both of these constitutional provisions.

In Barrington v. Cokinos, 338 S.W.2d 133 (Tex. Sup. 1960), however,
the Supreme Court held that a grant of public money or a loan of credit
is not unlawful if it is for a valid public purpose and is not fraudulent,
arbitrary or capricious, even though "a privately owned business may be
benefited thereby." 338 S.W.2d at 140. The construction and operation
of pollution control facilities unquestionably serves a valid public purpose.
Tex. Const. art. 16, § 59(a); Parker v. San Jacinto County Water Control
and Improvement District No. 1, 273 S.W.2d 586 (Tex. Sup. 1954).

In State v. City of Austin, 331 S.W.2d 737 (Tex. Sup. 1960), the Supreme
Court, in upholding the reimbursement to certain utility companies of the
cost of relocation of facilities necessitated by highway construction, "noted
that no net gain accrues to the utility. . . ." 331 S.W.2d at 472. See also
Harris County v. Dowlearn, 489 S.W.2d 140 (Tex. Civ. App. --Houston
[14th Dist.] 1972, writ ref'd n. r. e.). This office will need to study each bond
presentation and make a determination based on the facts of each case as to
whether or not the issue falls within or without the reasoning of these appli-
cable authorities.

## S U M M A R Y

All districts created pursuant to article 16,
section 59 or article 3, section 52 of the Texas
Constitution have the authority to issue bonds for
the acquisition, construction and repair of waste
disposal systems without regard to the district's
previous water pollution control efforts. A dis-
trict may not simply "finance" a waste disposal

system, but it may purchase, sell or lease such a facility to or from a private entity. The Attorney General is responsible for determining that a district's bonds are authorized and that its contracts are made in accordance with law.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: