

# The Attorney General of Texas

December 18, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-412

Re: Authority of county floo
control district to lengthe
private bridge crossin
channel widened by district

Dear Mr. Driscoll:

You have requested our opinion regarding whether the Harri
County Flood Control District is required to expend funds to lengthe
a private bridge which crosses a channel widened by the district. Yo
first ask us to assume that the district has previously approved th
construction of the bridge across its easement and that the distric
now proposes to widen the channel.

The Harris County Flood Control District, a district organize
under article 16, section 59 of the Texas Constitution, was created b
special act of the legislature in 1937. Acts 1937, 45th Leg., ch. 360
at 714. Section 50.052 of the Water Code is applicable to suc
districts. It provides:

> (a) If any district or authority organized
> under the provisions of Article III, Section 52,
> or Article XVI, Section 59, of the Texas
> Constitution, in the exercise of the power of
> eminent domain, the police power, or any other
> power requires the relocation, raising, lowering,
> rerouting, or change in grade or alteration in the
> construction of any highway, railroad, electric
> transmission, telegraph, or telephone lines,
> conduits, poles, properties, facilities, or
> pipelines, the relocation, raising, lowering,
> rerouting, or change in grade or alteration of
> construction shall be done at the sole expense of
> the district or authority.

> (b) 'Sole expense' means the actual cost of
> the relocation, raising, lowering, rerouting, or
> change in grade or alteration of construction and
> providing comparable replacement without enhancing

the facilities after deducting from it the net salvage value derived from the old facility.

(c)  This section shall not be applicable to those projects under construction or financed or for which bonds have been voted and approved by the acts of any district on the effective date of this Act, unless the provisions hereinabove are contained in the acts of the district authorizing said construction or financing.

In our opinion, if the district widens the channel so as to render the bridge unusable, the district may reasonably be said to have acted to require the "relocation... rerouting or... alteration in construction of... properties."  In such instance, section 50.052 directs that "relocation... rerouting... or alteration of construction shall be done at the sole expense of the district...."  The statute does not make any distinction based upon whether the "property" was originally constructed with the district's approval.  We believe that it requires the district to bear the sole expense of lengthening the bridge without regard to whether the district has previously approved its construction.

It has been suggested that several provisions of the Texas Constitution prohibit a district from expending its funds to lengthen a private bridge crossing its channel.  See Tex. Const. art. III, §§50, 51, 52, 55.  In State v. City of Austin, 331 S.W.2d 737 (Tex. 1960), however, the Texas Supreme Court upheld the constitutionality of article 6674w-4, V.T.C.S., which provided that relocation of utility facilities necessitated by improvement of highways shall be made at state expense.  See also State v. City of Dallas, 319 S.W.2d 767 (Tex. Civ. App. - Austin 1958), aff'd, 331 S.W.2d 737 (Tex. 1960). In our view, there is no significant distinction, for constitutional purposes, between article 6674w-4 and section 50.052 of the Water Code.  Accordingly, we believe it is clear that the Texas Supreme Court would uphold the constitutionality of section 50.052.  Of course, the statute may be unconstitutionally applied in particular situations if the public purpose is not adequately served as indicated by the court in State v. City of Austin, supra.  See also Harris County v. Dowlearn, 489 S.W.2d 140 (Tex. Civ. App. - Houston [14th Dist.] 1972, writ ref'd n.r.e.).

S U M M A R Y

Section 50.052 of the Water Code requires the Harris County Flood Control District to lengthen a private bridge crossing a channel which has been widened by the district, without regard to whether the    district    has    previously    approved    the

construction of the bridge.  Section 50.052 of the
Water Code is not unconstitutional on its face.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger
Bruce Youngblood