Honorable Mike Driscoll Harris County Attorney 1001 Preston, Suite 634 Houston, Texas 77002
Re: Authority of county flood control district to lengthen private bridge crossing channel widened by district
Dear Mr. Driscoll:
You have requested our opinion regarding whether the Harris County Flood Control District is required to expend funds to lengthen a private bridge which crosses a channel widened by the district. You first ask us to assume that the district has previously approved the construction of the bridge across its easement and that the district now proposes to widen the channel.
The Harris County Flood Control District, a district organized under article 16, section 59 of the Texas Constitution, was created by special act of the legislature in 1937. Acts 1937, 45th Leg., ch. 360, at 714. Section 50.052 of the Water Code is applicable to such districts. It provides:
 (a) If any district or authority organized under the provisions of Article III, Section 52, or Article XVI, Section 59, of the Texas Constitution, in the exercise of the power of eminent domain, the police power, or any other power requires the relocation, raising, lowering, rerouting, or change in grade or alteration in the construction of any highway, railroad, electric transmission, telegraph, or telephone lines, conduits, poles, properties, facilities, or pipelines, the relocation, raising, lowering, rerouting, or change in grade or alteration of construction shall be done at the sole expense of the district or authority.
 (b) `Sole expense' means the actual cost of the relocation, raising, lowering, rerouting, or change in grade or alteration of construction and providing comparable replacement without enhancing the facilities after deducting from it the net salvage value derived from the old facility.
 (c) This section shall not be applicable to those projects under construction or financed or for which bonds have been voted and approved by the acts of any district on the effective date of this Act, unless the provisions hereinabove are contained in the acts of the district authorizing said construction or financing.
In our opinion, if the district widens the channel so as to render the bridge unusable, the district may reasonably be said to have acted to require the `relocation . . . rerouting or . . . alteration in construction of . . . properties.' In such instance, section 50.052 directs that `relocation . . . rerouting . . . or alteration of construction shall be done at the sole expense of the district. . . .' The statute does not make any distinction based upon whether the `property' was originally constructed with the district's approval. We believe that it requires the district to bear the sole expense of lengthening the bridge without regard to whether the district has previously approved its construction.
It has been suggested that several provisions of the Texas Constitution prohibit a district from expending its funds to lengthen a private bridge crossing its channel. See Tex. Const. art. III, §§ 50, 51, 52, 55. In State v. City of Austin,331 S.W.2d 737 (Tex. 1960), however, the Texas Supreme Court upheld the constitutionality of article 6674w-4, V.T.C.S., which provided that relocation of utility facilities necessitated by improvement of highways shall be made at state expense. See also State v. City of Dallas, 319 S.W.2d 767 (Tex.Civ.App.-Austin 1958), aff'd, 331 S.W.2d 737 (Tex. 1960). In our view, there is no significant distinction, for constitutional purposes, between article 6674w-4 and section 50.052 of the Water Code. Accordingly, we believe it is clear that the Texas Supreme Court would uphold the constitutionality of section 50.052. Of course, the statute may be unconstitutionally applied in particular situations if the public purpose is not adequately served as indicated by the court in State v. City of Austin, supra. See also Harris County v. Dowlearn, 489 S.W.2d 140
(Tex.Civ.App.-Houston [14th Dist.] 1972, writ ref'd n.r.e.).
 SUMMARY
Section 50.052 of the Water Code requires the Harris County Flood Control District to lengthen a private bridge crossing a channel which has been widened by the district, without regard to whether the district has previously approved the construction of the bridge. Section 50.052 of the Water Code is not unconstitutional on its face.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General