Mr. James B. Bond General Counsel Texas A and M University System 319 System Building College Station, Texas 77843
Re: Whether the Texas Forest Service may grant state funds to private landowners for reforestation of idle lands
Dear Mr. Bond:
You have requested our opinion as to whether the Texas Forest Service may grant state funds to private landowners for reforestation of idle lands.
The Texas Forest Service is an agency of the Texas A and M University System, under the general supervision of the Board of regents. Educ. Code secs. 88.001, 88.102. The board appoints a state forester, who serves as the director of the Forest Service. Educ. Code sec. 88.101. The general duties and authority of the Forest Service in general, and the state forester in particular, are described in subchapter B of section 88 of the Texas Education Code. None of these statutes makes any reference to the grant of state funds to private landowners for reforestation of idle lands or for any other purpose.
In Attorney General Opinion H-1272 (1978), this office said that the Department of Labor and Standards lacked statutory authority to fund a Mobile Home Information Center to be operated by a private nonprofit corporation. Noting the well established rule that an administrative agency has only those powers expressly granted to it by statute or necessarily implied therefrom, Stauffer v. City of San Antonio,344 S.W.2d 158 (Tex. 1961), Attorney General Opinions H-897 (1976), M-1131 (1972), the opinion observed that prior opinions which had approved grants by state to other public and private entities had relied on express statutory authority. See Attorney General Opinions H-140 (1973); C-673 (1966).
In our opinion, the Forest Service similarly lacks authority, either express or implied, to grant state funds to private landowners. Even if appropriate legislation were enacted, however, such a grant would raise substantial questions under article III, section 51 and article XVI, section 6 of the Texas Constitution, which provide, in pertinent part:
 Article 3, section 51. The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever. . . .
 Article 16, section 6. (a) No appropriation for private or individual purposes shall be made, unless authorized by this Constitution . . . .
No proposed legislation has been presented to us, and we cannot speculate as to particular statutory language, if any, which might avoid those constitutional prohibitions. In certain instances, however, both the courts and this office have approved statutes which authorized grants of public funds to private individuals, so long as the expenditure was made `for the direct accomplishment of a legitimate public purpose.' Barrington v. Cokinos, 338 S.W.2d 133, 140
(Tex. 1960). See also State v. City of Austin,331 S.W.2d 737 (Tex. 1960); Davis v. City of Lubbock,326 S.W.2d 699 (Tex. 1959); Harris County v. Dowlearn,489 S.W.2d 140 (Tex.Civ.App.-Houston 1972, writ ref'd n.r.e.); Letter Advisory No. 107 (1975).
 SUMMARY
The Texas Forest Services, an agency of the Texas A and M University System, lacks statutory authority to grant state funds to private landowners for reforestation projects. Whether legislation granting such authority would be consistent with article III, section 51 and article XVI, section 6 of the Texas Constitution would depend on whether the grant of state funds would accomplish a legitimate public purpose.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General