

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

April 23, 1986

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Bob E. Bradley
Executive Director
Texas State Board of Public
Accountancy
1033 La Posada, Suite 340
Austin, Texas   78752

Opinion No. JM-482

Re:  Reconsideration of Attorney
General Opinion JM-290 (1984),
which construed article 6252-13c,
V.T.C.S., to require a licensing
agency to revoke the license of any
individual convicted of a felony

Dear Mr. Bradley:

You have asked for advice about implementing Attorney General
Opinion JM-290 (1984), which interpreted article 6252-13c, V.T.C.S.,
to require a licensing board to revoke an individual's license upon
his conviction of a felony while licensed. Your opinion request has
caused us to reconsider the conclusion reached in Attorney General
Opinion JM-290 (1984).

Article 6252-13c, V.T.C.S., was enacted as section 1 of Senate
Bill No. 247 by the Sixty-seventh Legislature. Acts 1981, 67th Leg.,
ch. 267 at 694. Senate Bill No. 247 also included as section 2 the
provisions codified as article 6252-13d, V.T.C.S. The legislation
enacted as Senate Bill No. 247 reads in part:

Article 6252-13c

. . . .

Sec. 4.  (a) <u>A licensing authority may suspend
or revoke an existing valid license, disqualify
a person from receiving a license, or deny to a
person the opportunity to be examined for a license
because of a person's conviction of a felony or
misdemeanor if the crime directly relates to the
duties and responsibilities of the licensed occupa-
tion.</u>

(b) In determining whether a criminal convic-
tion directly relates to an occupation, the
licensing authority shall consider:

(1) the nature and seriousness of the crime;

(2) the relationship of the crime to the purposes for requiring a license to engage in the occupation;

(3) the extent to which a license might offer an opportunity to engage in further criminal activity of the same type as that in which the person previously had been involved; and

(4) the relationship of the crime to the ability, capacity, or fitness required to perform the duties and discharge the responsibilities of the licensed occupation.

(c) In addition to the factors that may be considered under Subsection (b) of this section, the licensing authority, in determining the present fitness of a person who has been convicted of a crime, shall consider the following evidence:

(1) the extent and nature of the person's past criminal activity;

(2) the age of the person at the time of the commission of the crime;

(3) the amount of time that has elapsed since the person's last criminal activity;

(4) the conduct and work activity of the person prior to and following the criminal activity;

(5) evidence of the person's rehabilitation or rehabilitative effort while incarcerated or following release;

(6) other evidence of the person's present fitness, including letters of recommendation from: prosecution, law enforcement, and correctional officers who prosecuted, arrested, or had custodial responsibility for the person; the sheriff and chief of police in the community where the person resides; and any other persons in contact with the convicted person; and

(7) it shall be the responsibility of the applicant to the extent possible to secure and

provide to the licensing authority the recommenda-
tions of the prosecution, law enforcement, and
correctional authorities as required under this
Act. . . .

(d) Proceedings held before a state licensing
authority to establish factors contained in this
section are governed by the Administrative
Procedure and Texas Register Act, as amended
(Article 6252-13a, Vernon's Texas Civil Statutes).

(e) Upon a licensee's felony conviction, felony
probation revocation, revocation of parole, or
revocation of mandatory supervision, his license
shall be revoked.

Art. 6252-13d.

Section 1. [Adds art. 6252-13c]

Sec. 2. If a licensing authority suspends or
revokes a valid license or denies a person a
license or the opportunity to be examined for a
license because of the person's prior conviction of
a crime and the relationship of the crime to the
license, the licensing authority shall notify the
person in writing:

(1) of the reasons for the suspension,
revocation, denial, or disqualification;

(2) of the review procedure provided by Section
3 of this Act; and

(3) of the earliest date that the person may
appeal.

Sec. 3. [review procedure]

Sec. 4. (a) Each licensing authority, shall
issue within six months after the effective date of
this Act guidelines relating to the actual practice
of the authority in carrying out Section 1 of this
Act. . . .

Sec. 5. This Act shall not apply to those
persons licensed by the Texas State Board of
Medical Examiners, State Board of Pharmacy, State
Board of Dental Examiners, or The Veterinary

> Licensing Act . . . and who have been convicted of
> a felony under the Texas Controlled Substances
> Act . . . or the Texas Dangerous Drug Act. . . .
> (Emphasis added; citations omitted from section 5
> of article 6252-13d, V.T.C.S.). (Emphasis added).

Section 4(e) of article 6252-13c appears on its face to be inconsistent with other provisions of House Bill No. 247; in fact, section 4(e) appears to be radically inconsistent in tone with the entire rest of the bill. Section 4(a) of article 6252-13c, V.T.C.S., states that a licensing authority _may_ suspend or revoke an existing license because of a felony conviction if the crime directly relates to the duties and responsibilities of the licensed occupation. Section 4(e) of that statute, however, states that upon a licensee's felony conviction, his license _shall_ be revoked. This latter provision suggests that the licensing authority has a mandatory duty to revoke a license when its holder is finally convicted of a felony, and that the board has no discretion to act otherwise in such cases. Attorney General Opinion JM-290 (1984) addressed the conflict between section 4(a) and section 4(e) and determined that section 4(e) did in fact impose a mandatory duty on licensing agencies to revoke the license of a convicted felon. It read section 4(a) as applicable to felony convictions occurring before the individual applied for a license, and section 4(e) as applicable to felony convictions occurring while licensed.

This opinion did not address other conflicting provisions in House Bill No. 247. Section 5 of article 6252-13d, V.T.C.S., states that the act does not apply to certain licensees in health professions who have been convicted of a felony under the Texas Controlled Substances Act, article 4476-15, V.T.C.S., or the Texas Dangerous Drug Act, article 4476-14, V.T.C.S. The licenses of the enumerated medical practitioners are subject to mandatory revocation for a felony conviction under either article 4476-14 or article 4476-15. V.T.C.S. arts. 4495b, §4.01 (physicians); 4542a, §12A (pharmacists); 4549-1 (dentists); 7465a, §14 (veterinarians); enacted by Acts 1981, 67th Leg., ch. 52 at 101. If House Bill No. 247 in fact mandates license revocation upon a felony conviction in all cases, the exception in section 5 of article 6252-13d is meaningless surplusage. The inclusion of this exception suggests that the legislature did not intend to require revocation of all occupational and professional licenses upon the felony conviction of the licensee. The courts have looked to exceptions in statutes to determine the class of persons covered by the statute. See, e.g., State v. Richards, 301 S.W.2d 597 (Tex. 1957); Harris County v. Dowlearn, 489 S.W.2d 140 (Tex. Civ. App. - Houston [14th Dist.] 1972, writ ref'd n.r.e.).

Moreover, section 2 of article 6252-13d, V.T.C.S., requires written notification of a person "[i]f a licensing authority suspends

or revokes a valid license . . . because of the person's prior conviction of a crime and the relationship of the crime to the license. . . ." Thus, section 2 of article 6252-13d, V.T.C.S., appears to be inconsistent with section 4(e) of article 6252-13c, V.T.C.S., yet another ambiguity in House Bill No. 247.

Attorney General Opinion JM-290 did not investigate the legislative history of House Bill No. 247, which we now believe is essential to an understanding of this enactment. In construing an ambiguous statute, which House Bill No. 247 undoubtedly is, we may look to circumstances of its passage that relate to legislative intention. Texas & N.O.R. Co. v. Railroad Commission, 200 S.W.2d 626 (Tex. 1947). If the meaning of a statute is in doubt, reference may be made to legislative journals and records, debates, and committee reports. Red River National Bank v. Ferguson, 206 S.W. 923 (Tex. 1918); National Carloading Corp. v. Phoenix El Paso Express, 178 S.W.2d 133 (Tex. Civ. App. - El Paso), aff'd, 176 S.W.2d 564 (Tex. 1943), cert. denied 322 U.S. 747 (1944); Payne v. Bassett, 235 S.W. 917 (Tex. Civ. App. - El Paso 1921, no writ). We turn to an examination of the legislative history of House Bill No. 247, as a guide to construing the language of section 4(e).

House Bill No. 247, as introduced, was very similar to bills enacted in the two prior sessions, only to be vetoed by the governor. S.B. No. 1182, 65th Leg. (1977); H.B. No. 590, 66th Leg. (1979). See also S.J. of Tex., 65th Leg., R.S., at 2634 (1977); H.J. of Tex., 66th Leg., R.S., at 5292 (1979); Vetoed Bills & Resolutions, Acts 1977, 65th Leg., R.S. at 3375; Vetoed Bills & Resolutions, Acts 1979, 66th Leg., R.S., at 3250. The bill as introduced, and the bills from the two prior sessions, were directed at making licensed occupations open to rehabilitated exofferders. House Committee on Security and Sanctions, Bill Analysis to H.B. No. 247, 67th Leg. (1981). As introduced, House Bill No. 247 did not include the language found in section 4(e) of article 6252-13c; the prototype of this provision was added by the House Committee on Security and Sanctions. H.J. of Tex. 67th Leg., R.S. at 783 (1981). The bill prohibited a licensing authority from suspending or revoking an existing valid license because of prior conviction of a crime unless the crime directly related to the duties and responsibilities of the licensed occupation. Moreover, it also provided that a license could not be suspended or revoked for conviction of a crime that directly related to the occupation as long as the person showed present fitness and rehabilitation following his release from a correctional facility.

The 1979 version of House Bill No. 247 was vetoed by the governor because of its provision for licensing an exoffender whose crime directly related to the licensed occupation. The veto message stated that the standards for rehabilitation were too low:

> Criteria like satisfactory completion of parole,
> one year lapse since release from prison, or
> letters of reference are certainly not sufficient
> to establish real rehabilitation.

Veto Message of Governor Clements, Tex. H.B. No. 590, 66th Leg. (1979).

House Bill No. 247 as it passed the House included provisions for rehabilitation identical to those which caused the governor's veto of the prior bill. It also included the predecessor of section 4(e) of article 6252-13c, V.T.C.S.:

> (f) On a licensee's final conviction of a
> felony after the issuance of his license, the
> license shall be revoked. A person whose license
> is revoked under this subsection may not receive
> or be examined for any license.

This language was added as a committee amendment, without objection, and adopted as a floor amendment, again without objection. H.J. of Tex., 67th Leg., R.S., 783, 1227 (1981); Hearing on H.B. No. 247, Before the House Committee on Security and Sanctions, 67th Leg. (March 11, 1981).

Discussion in the Senate was directed at correcting the problem which led to the governor's veto. Discussion in the Senate State Affairs Committee characterized House Bill No. 247 as permitting license reinstatement for persons with occupational licenses who are discharged from the Department of Corrections. Hearing on H.B. No. 247 Before the Senate State Affairs Committee, 67th Leg. (April 27, 1981). The Senate committee adopted a committee substitute which deleted provisions allowing anyone discharged from sentence to get his license back automatically. Id. Instead, it required the licensing board to review the case and determine that the offense was not related to the profession or occupation and that the individual had achieved rehabilitation. Unless both conditions were met, the individual's license would not be reinstated. Senate floor debate on the committee substitute also emphasized that it allowed the licensing boards to reinstate licenses of exoffenders under the statutory criteria. Debate on H.B. No. 247 on the Floor of the Senate, 67th Leg. (May 15, 1981). Thus, a person who had an occupational license before sentence could apply for reinstatement of his licensing after incarceration, while persons who learned a trade in prison would have to apply for a license like anyone else. Id.

The Senate approved an amendment conforming the caption to the body of the bill and voted to pass House Bill No. 247 as amended.

S.J. of Tex. 67th Leg., R.S. at 1287-1290. The House concurred in the Senate amendment. H.J. of Tex., 67th Leg., R.S. at 2982-2986.

Throughout Senate consideration of the committee substitute to House Bill No. 247 it contained the troublesome language codified as section 4(e) of article 6252-13c, V.T.C.S.:

> (e) Upon a licensee's felony conviction, felony probation revocation, revocation of parole, or revocation of mandatory supervision, his license shall be revoked. (Emphasis added).

The "licensee's felony conviction" in section 4(e) should be limited to a felony conviction which results in the licensee's actual incarceration in the Department of Corrections or another penitentiary. An examination of section 4(e) as a whole shows that the other events requiring license "revocation" under section 4(e) apply to someone who is already a convicted felon and whose conduct requires him to be incarcerated or reincarcerated in the penitentiary. Section 4(e) implies that a convicted felon on probation or parole or under mandatory supervision may hold a license that will be revoked when his probation, parole, or mandatory supervision is revoked. We believe section 4(e) requires license suspension only while the felon is physically incarcerated. Section 4(e) of article 6252-13c, V.T.C.S., thus does not apply to a licensee placed on probation after a felony conviction; the licensing board's authority to discipline the licensee in such cases is governed by the permissive provisions of section 4(a) through 4(d) of article 6252-13c, V.T.C.S.

Section 4(e) of article 6252-13c, V.T.C.S., does require a license to be revoked when the licensee's felony conviction results in his incarceration, or when his felony probation, parole, or mandatory supervision is revoked. Licenses revoked under section 4(e) are, however, subject to possible reinstatement following the procedures found in section 4(a) through 4(d). The legislature consistently characterizes House Bill No. 247 as providing for reinstatement of an exoffender's license. If an individual's license is revoked under section 4(e), he may not be required to reapply and qualify for the licensee as a first-time applicant in order to resume his former status as a licensee. See Texas & N.O.R.G. v. Railroad Commission, supra (when the legislative purpose is ascertained, the significance of words may be restricted or enlarged to give meaning the legislature intended). Whether an exoffender's license will be reinstated is to be determined in accordance with sections 4(a) through 4(d) of article 6252-13c, V.T.C.S.

In summary, the mandatory license revocation provision found in section 4(e) applies in a narrower class of felony convictions than suggested in Attorney General Opinion JM-290. Moreover, an individual

whose license is revoked pursuant to section 4(e) of article 6252-13c, V.T.C.S., may seek reinstatement under the procedures of that statute. Attorney General Opinion JM-290 is overruled to the extent it is inconsistent with this opinion.

We turn to your specific questions. You ask how the State Board of Public Accountancy should apply Attorney General Opinion JM-290 in carrying out its duties under article 41a-1, V.T.C.S., the Public Accountancy Act of 1979. We will address your questions in accordance with the interpretation of article 6252-13c, V.T.C.S., given in this opinion.

Your first two questions are as follows:

> 1. Does Attorney General Opinion JM-290 extend to _all_ licensees of the Texas State Board of Public Accountancy, or
>
> 2. Does Attorney General Opinion JM-290 apply only to individuals receiving certificates and original licenses after the effective date of article 6252-13c, V.T.C.S.?

Article 6252-13c, V.T.C.S., applies to all licensees of the Texas State Board of Public Accountancy. The board is a "licensing authority" subject to the act. See V.T.C.S. art. 6252-13c, §1; see also V.T.C.S. art. 6252-13a, §3(1), (4) (defining "agency" and "licensing" for purposes of article 6252-13c, V.T.C.S.). The exceptions to article 6252-13c, V.T.C.S., which cover the Supreme Court, persons licensed under its authority, and any person who is or seeks to become a peace officer, do not apply to licensees of your board.

Article 6252-13c, V.T.C.S., applies to all licenses issued by the Texas State Board of Public Accountancy, and not only to licenses held by individuals who were first licensed after the effective date of the statute. Article 4(e), the provision requiring revocation of licenses, applies to the following events occurring after the effective date of article 6252-13c, V.T.C.S.: the licensee's felony convictions resulting in incarceration, and the revocation of his probation, parole, or mandatory supervision. See Government Personnel Mutual Life Insurance Co. v. Wear, 251 S.W.2d 525 (Tex. 1952) (statutes are presumed to operate prospectively).

Your questions number three and seven are as follows:

> 3. Assuming the answer to question No. 1 is affirmative and the board is required to amend Substantive Rule 525, what would be the effective

> date for implementation of the revocation policy (e.g., upon adoption of article 6252-13c, V.T.C.S., upon amendment of board rules to include revocation of a license for conviction of a felony, etc.)?
>
> 7. If the effective date for implementation were upon adoption of article 6252-13c, V.T.C.S., would a 'grandfather clause' excluding individuals licensed between the effective date for implementation and the date of amendment of board rules be acceptable?

Since your statement about amending Substantive Rule 525 is based on the interpretation of article 6252-13c, V.T.C.S., given in Attorney General Opinion JM-290, we believe you should consider the question of amendment in light of this opinion.

Article 6252-13c, V.T.C.S., became effective September 1, 1981. Implementation of a statute begins with its effective date, and the board may not postpone the effective date by promulgating a rule. See State v. Jackson, 376 S.W.2d 341 (Tex. 1964); Attorney General Opinion MW-204 (1980).

Your fourth and fifth questions are as follows:

> 4. If the answer to question No. 1 is affirmative, must all renewal applications for licenses with the board be submitted to the Department of Public Safety for a check of conviction records?
>
> 5. What check of conviction records must the board make on licensees living outside of Texas and what check of records must the board make on federal convictions?

Section 3 of article 6252-13c, V.T.C.S., provides as follows:

> Sec. 3. All agencies of this state and its political subdivisions with the duty and responsibility of licensing and regulating members of particular trades, occupations, businesses, vocations, or professions shall have the authority to obtain from the Texas Department of Public Safety or from a local law enforcement agency the record of any conviction of any person applying for or holding a license from the requesting agency.

This provision authorizes, but does not require, a licensing agency to obtain conviction records from the Texas Department of Public Safety or a local law enforcement agency. Prior to the enactment of article 6252-13c, V.T.C.S., the Public Accountancy Act authorized the revocation of licenses upon "final conviction of a felony <u>under the laws of any state or the United States</u>." (Emphasis added). V.T.C.S. art. 41a-1, §21(5). <u>See</u> Acts 1961, 57th Leg., ch. 289, at 608, 617. Presumably the board obtained information about felony convictions to use in exercising this power under its enabling statute, and it may continue to use the same sources of information to implement section 4(e) of article 6252-13c. Moreover, the mandatory duty to revoke a license for a felony conviction applies only when the conviction results in incarceration. Thus, records of admissions to state prisons could be another source of information for the board.

Your sixth question is contingent on different answers from those we gave. Accordingly, we need not answer it.

Your eighth question is as follows:

> 8. Would the revocation procedure require the board hearing process as specified in the Public Accountancy Act of 1979, as amended, sections 21 and 22?

Only section 22 of article 41a-1, V.T.C.S., sets out a hearing procedure. Section 21 states conduct for which a license may be suspended or revoked, and directs that section 22 shall be followed. We will limit our answer to the portions of these statutes governing procedures. Section 4(d) of article 6252-13c, V.T.C.S., states that

> (d) Proceedings held before a state licensing authority to establish factors contained in this section are governed by the Administrative Procedure and Texas Register Act, as amended (Article 6252-13a, Vernon's Texas Civil Statutes).

The Administrative Procedure Act sets out the procedural rules for establishing factors included in section 4 of article 6252-13c, V.T.C.S. The board may follow procedures set out in section 22 of article 41a-1, V.T.C.S., to the extent these are not inconsistent with the Administrative Procedure Act.

## SUMMARY

> Section 4(e) of article 6252-13c, V.T.C.S., requires a licensing agency to suspend a license upon a licensee's felony conviction which results in incarceration, or upon revocation of his felony

probation, parole, or mandatory supervision. Attorney General Opinion JM-290 (1984) is over-ruled to the extent it is inconsistent with this opinion.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General