

# The Attorney General of Texas

December 23, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. James B. Bond, General Counsel
Texas A and M University System
319 System Building
College Station, Texas    77843

Opinion No. MW-532

Re:  Whether the Texas Forest Service may grant state funds to private landowners for reforestation of idle lands

Dear Mr. Bond:

You have requested our opinion as to whether the Texas Forest Service may grant state funds to private landowners for reforestation of idle lands.

The Texas Forest Service is an agency of the Texas A and M University System, under the general supervision of the board of regents.  Educ. Code secs. 88.001, 88.102.  The board appoints a state forester, who serves as the director of the Forest Service.  Educ. Code sec. 88.101.  The general duties and authority of the Forest Service in general, and the state forester in particular, are described in subchapter B of section 88 of the Texas Education Code. None of these statutes makes any reference to the grant of state funds to private landowners for reforestation of idle lands or for any other purpose.

In Attorney General Opinion H-1272 (1978), this office said that the Department of Labor and Standards lacked statutory authority to fund a Mobile Home Information Center to be operated by a private nonprofit corporation.  Noting the well established rule that an administrative agency has only those powers expressly granted to it by statute or necessarily implied therefrom, Stauffer v. City of San Antonio, 344 S.W.2d 158 (Tex. 1961), Attorney General Opinions H-897 (1976), M-1131 (1972), the opinion observed that prior opinions which had approved grants by state agencies to other public and private entities had relied on express statutory authority.  See Attorney General Opinions H-140 (1973); C-673 (1966).

In our opinion, the Forest Service similarly lacks authority, either express or implied, to grant state funds to private landowners. Even if appropriate legislation were enacted, however, such a grant would raise substantial questions under article III, section 51 and

article XVI, section 6 of the Texas Constitution, which provide, in pertinent part:

> Article 3, section 51.  The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever....

> Article 16, section 6.  (a) No appropriation for private or individual purposes shall be made, unless authorized by this Constitution....

No proposed legislation has been presented to us, and we cannot speculate as to particular statutory language, if any, which might avoid those constitutional prohibitions.  In certain instances, however, both the courts and this office have approved statutes which authorized grants of public funds to private individuals, so long as the expenditure was made "for the direct accomplishment of a legitimate public purpose."  Barrington v. Cokinos, 338 S.W.2d 133, 140 (Tex. 1960).  See also State v. City of Austin, 331 S.W.2d 737 (Tex. 1960); Davis v. City of Lubbock, 326 S.W.2d 699 (Tex. 1959); Harris County v. Dowlearn, 489 S.W.2d 140 (Tex. Civ. App. - Houston 1972, writ ref'd n.r.e.); Letter Advisory No. 107 (1975).

## S U M M A R Y

> The Texas Forest Service, an agency of the Texas A and M University System, lacks statutory authority to grant state funds to private landowners for reforestation projects.  Whether legislation granting such authority would be consistent with article III, section 51 and article XVI, section 6 of the Texas Constitution would depend on whether the grant of state funds would accomplish a legitimate public purpose.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Roxanne Caperton
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood