Nora Gail SUTTON, Appellant,

v.

STATE HIGHWAY DEPARTMENT of
Texas, Appellee.

No. 5598.

Court of Civil Appeals of Texas,
Waco.

March 24, 1977.

Rehearing Denied April 14, 1977.

James K. Peden, III, Strasburger, Price,
Kelton, Martin & Unis, Dallas, DeVore,
Bagby, McGahey, Ross & Burnett, Arling-
ton, for appellant.

Sam L. Jones, Jr., Austin, for appellee.

HALL, Justice.

On May 4, 1970, Michael Dwayne Sutton
was driving his automobile on Highway 67
in Ellis County at a point approximately
five miles south of the City of Midlothian
when a heavy pipe loader fell from a truck
and either struck his car or caused him to

veer into a bridge abutment. He died five days later of injuries received in the accident. Nora Gail Sutton, the decedent's widow, brought this suit originally against Curtis Nolan Julian (the driver of the truck), Wales Transportation, Inc., and Gifford-Hill & Company, Inc., as a wrongful death and survival action under the provisions of Article 4671 et seq., Vernon's Tex. Civ.St., alleging that at the time of the accident Julian was operating the truck in a joint enterprise with Wales Transportation; that Wales was a wholly-owned subsidiary of and alter ego of Gifford-Hill; and that the accident and the decedent's death were caused by their negligence in certain particulars we need not mention. Later, Mrs. Sutton joined the State Highway Department of Texas (State) as a defendant on the theory that the pipe loader was caused to fall onto the roadway when the wheels of the truck struck a severe depression in the highway where the asphalt part of it had sunk below the surface of the abutting concrete bridge.

The suit was originally brought by Mrs. Sutton individually, as the surviving widow of the decedent, in a representative capacity on behalf of the estate of the decedent and for the use and benefit of all persons entitled to recover under the wrongful death and survival statutes, and as next friend and guardian of the estate of her minor son, Michael Shane Sutton, who was born two months after the decedent's death.

While the suit was awaiting trial, a settlement was made and an agreed judgment was rendered in the case which effected a release of all parties but the State. The judgment recites that Mrs. Sutton, individually, and in her various representative capacities, and the defendants, Gifford-Hill, Wales, and Julian had settled their controversies, but that the cause between the minor plaintiff and the State had not been settled. It recites among other things the release of Gifford-Hill, Wales, and Julian in consideration for their payment of $150,-000.00; that the minor plaintiff was not accepting his portion of the settlement sum as payment in full for his damages; that he

was specifically reserving his right to proceed against the State to recover his remaining damages, while releasing and discharging Gifford-Hill, Wales, and Julian; and it severs the minor's cause of action against the State from the remainder of the case.

Thereafter, Mrs. Sutton filed her fourth amended original petition, suing only as next friend and guardian of the person and estate of the minor plaintiff, and complaining only against the State. In it, she alleged that the accident happened in the afternoon of the day in question when the deceased was driving his automobile from Dallas to his place of business in Cleburne; that it was "a clear and dry day"; that a severe depression existed in the highway at the point of the accident "where the asphalt roadway had negligently been allowed to sink below the surface of a small abutting concrete bridge"; that the pipe loader was caused to fall from the truck, causing the accident and resulting death of the deceased, when the wheels of the truck struck the depression in the roadway; that the State "had knowledge of the defect," that it negligently failed to properly maintain and repair the surface of the roadway at this place, and that it negligently failed to post signs warning of the defect; and that the suit was brought under the provisions of the Texas Tort Claims Act (Article 6252–19, Vernon's Tex.Civ.St.).

The State moved for dismissal of the suit asserting among other grounds that plaintiff's petition does not state a cause of action upon any theory of governmental liability coming within the waiver of sovereign immunity set forth in the Tort Claims Act, and that for this reason the court did not have jurisdiction in the case. The record shows without question that the pleas to the jurisdiction were directed at plaintiff's fourth amended original petition. The motion was granted and the suit was dismissed for want of jurisdiction without the court specifying the basis of its order. Plaintiff appeals. We reverse.

In its pertinent parts, the Texas Tort Claims Act provides as follows:

Sec. 3. Each unit of government in the state shall be liable for money damages for . . . personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office . . or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. Such liability is subject to the exceptions contained herein, and it shall not extend to punitive or exemplary damages.

. . . . .

Sec. 14. The provisions of this Act shall not apply to: . . . (7) Any claim based upon the failure of a unit of government to perform any act which said unit of government is not required by law to perform. If the law leaves the performance or nonperformance of an act to the discretion of the unit of government, its decision not to do the act, or its failure to make a decision thereon, shall not form the basis for a claim under this Act.

Sec. 18. . . . (b) As to premise defects, the unit of government shall owe to any claimant only the duty owed by private persons to a licensee on private property, unless payment has been made by the claimant for the use of the premises. Provided, however, that the limitation of duty contained in this subsection shall not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads or streets

. . . .

We agree with the State that the depression in the highway was a "premises defect" within the meaning of Section 18(b) of the Act. In this respect we fail to see a material distinction between our State highway system and a network of canals operated by a unit of government which was held to be "premises" within the meaning of the Act in *Lower Neches Valley*

*Authority v. Murphy,* 536 S.W.2d 561 (Tex. Sup.1976).

Plaintiff says the depression was a "special defect" within the exception to the limitation of duty contained in Section 18(b), citing *Harris County v. Dowlearn,* 489 S.W.2d 140 (Tex.Civ.App.—Houston [14th] 1973, writ ref'd n. r. e.). We disagree. In *Dowlearn,* an unattached wall partition fell on the claimant while she was seated, waiting to pay taxes, in the Harris County Courthouse. It was held that the defect was special and that the premises defect did not apply. Unlike the condition before us, the defect in *Dowlearn* was specially created, and was not a routine maintenance defect. It is distinguishable on those grounds.

Under the express terms of Section 18(b), a unit of government's duty to claimants as to premise defects under the circumstances before us is "only the duty owed by private persons to a licensee on private property." In *Lower Neches Valley Authority v. Murphy,* supra, and *State v. Tennison,* 509 S.W.2d 560 (Tex.Sup.1974), our Supreme Court defined that duty as follows:

It is well settled in this State that if the person injured was on the premises as a licensee, the duty that the proprietor or licensor owed him was not to injure him by willful, wanton or gross negligence . . . An exception to the general rule is that when the licensor has knowledge of a dangerous condition, and the licensee does not, a duty is owed on the part of the licensor to either warn the licensee or to make the condition reasonably safe . . .

Plaintiff did not plead that the State caused the deceased's death willfully, wantonly, or through gross negligence, and does not state a cause of action on those grounds. However, she did allege that the State knew of the premises defect and failed to warn of it. She therefore brings her case within the exception to the general rule. The State says the case does not fall within the exception because plaintiff did not plead that the deceased did not know of the defect, and because she did not expressly allege that the depression was a "danger-

ous condition." We disagree. The question of the deceased's knowledge of the premises condition relates to an issue of contributory negligence. *Farley v. M M Cattle Company,* 529 S.W.2d 751, 758 (Tex.Sup.1975). Plaintiff was not required to negate it in her pleadings. And, the extent of the danger posed by the defect alleged is a matter for proof on the trial.

The State asserts the maintenance or not of the highway by the Highway Department is a discretionary activity falling within the exclusion set forth in Section 14(7) of the Act, and that for this reason the case was properly dismissed for want of jurisdiction. This contention is overruled. Article 6674q–4, Vernon's Tex.Civ.St., directly places the responsibility for the construction and "the efficient maintenance of all highways comprising the State System" upon the State Highway Commission and the State Highway Department.

None of the remaining grounds asserted by the State to support the order of dismissal deal with the question of jurisdiction. Most deal with questions of abatement which will likely be corrected by new pleadings. Two of the grounds, charging (1) that this suit is a "second suit" prohibited by the wrongful death statute, and (2) that the agreed judgment and a resulting subrogation agreement violate Article 6636, Vernon's Tex.Civ.St. (which pertains only to recordation and notice of transfers of judgments and causes of action) are wholly without merit.

The case needs to be repleaded, with all beneficiaries under the wrongful death statutes again brought before the court, grounds for recovery fully alleged, defenses and exceptions to pleadings restated, and the suit heard anew in keeping with the rulings in this opinion.

The judgment is reversed and the cause is remanded for trial.