Linda PARK, Appellant,

v.

**TROY DODSON CONSTRUCTION COMPANY and Lower Neches Valley Authority, Appellees.**

No. 09–87–199 CV.

Court of Appeals of Texas, Beaumont.

Nov. 3, 1988.

Rehearing Denied Dec. 8, 1988.

Timothy W. Ferguson, Umphrey, Swearingen, Eddins & Carver, Port Arthur, for appellant.

Russell W. Heald, Benckenstein, Norvell, Bernsen & Nathan, Bill Quick, Denise Hubbard, Beaumont, for appellees.

OPINION

BURGESS, Justice.

On March 4, 1984, Darren Morales was killed when the pickup truck he was driving on a dirt levee plunged into the adjacent canal. Appellant Linda Park, Morales'

mother, brought suit against the Lower Neches Valley Authority (LNVA) and Troy Dodson Construction Company (Dodson) under Texas wrongful death and survival statutes, seeking recovery for the death of her son. The trial court granted summary judgments for both defendants. Appellant argues by two points of error that the trial court erred in granting the summary judgments.

LNVA's summary judgment motion alleged there were no genuine issues of material fact because (1) LNVA is subject to complete immunity pursuant to the Texas Tort Claims Act and (2) LNVA breached no duty of care owed to the deceased.

Dodson's summary judgment motion alleged there were no genuine issues of material fact because (1) all summary judgment evidence is contrary to plaintiff's contention that the decedent was detouring from a nearby Dodson construction area by driving along the canal and (2) the state, not Dodson, had sole responsibility for designing traffic control plans around the construction site.

The movants for summary judgment below had the burden of establishing as a matter of law that there were no genuine issues of material fact as to one or more of the essential elements of the asserted cause of action, *i.e.*, that no fact issue stands in the way of judgment in its favor. *Lower Neches Valley Auth. v. Murphy*, 536 S.W.2d 561, 563 (Tex.1976). Because the trial court entered orders which did not state the grounds upon which they were granted, appellant must show that each of the independent arguments alleged in the motions are insufficient to support the applicable order. *Netterville v. Interfirst Bank*, 718 S.W.2d 921, 922 (Tex.App.—Beaumont 1986, no writ).

### I. Lower Neches Valley Authority

#### A. *Texas Tort Claims Act Immunity*

LNVA is a state agency that operates a network of canals. It asserts there remain no genuine issues of material fact because, as a state agency, it is subject to governmental immunity from any claims made by appellant. LNVA cites *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297 (Tex.1976) and *Davis v. County of Lubbock*, 486 S.W.2d 109 (Tex.Civ.App.—Amarillo 1972, no writ).

■ Appellant argues the Texas Tort Claims Act, *TEX.REV.CIV.STAT.ANN. art. 6252–19* (Vernon 1970), contains an applicable exception to this governmental immunity.[1] The statute reads in pertinent part:

Sec. 3. Each unit of government in the state shall be liable for ... death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state.

. . . .

Sec. 14. The provisions of this Act shall not apply to:

. . . .

(12) Any claim arising from the absence, condition, or malfunction of any traffic or road sign, signal, or warning device unless ... not corrected by the governmental unit responsible within a reasonable time after notice, or any claim arising from the removal or destruction of such signs, signals or devices by third parties except on failure of the unit of government to correct the same within such reasonable time, after actual notice. Nothing herein shall give rise to liability arising from the failure of any unit of government to initially place any of the above signs, signals, or devices when such failure is the result of discretionary actions of said governmental unit. The signs, signals and warning devices enumerated above are those used in connec-

---

1. The Texas Tort Claims Act was recodified, effective September 1, 1985, in the Texas Civil Practice and Remedies Code. Appellee contends Sec. 101.022(b) of this recodification controls. However, because the accident occurred prior to the effective date, this case is controlled by TEX.REV.CIV.STAT.ANN. art. 6252–19 (Vernon 1970), *repealed by* Act of May 17, 1985, ch. 959, sec. 9(1), 1985 Tex.Gen. & Spec.Laws 3242, 3322.

tion with hazards normally connected with the use of the roadway, and *this section shall not apply to the duty to warn of special defects such as excavations or roadway obstructions.*

Sec. 18 ...

(b) As to premise defects, the unit of government shall owe to any claimant only the duty owed by private persons to a licensee on private property, unless payment has been made by the claimant for the use of the premises. *Provided, however, that the limitation of duty contained in this subsection shall not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads or streets,* nor shall it apply to any such duty to warn of the absence, condition or malfunction of traffic signs, signals or warning devices as is required in Section 14(12) hereof.

*Id.* (emphasis added).

Appellant has produced summary judgment evidence indicating the decedent hit a pothole on the levee, causing his truck to flip over into the canal. *County of Harris v. Eaton,* 573 S.W.2d 177 (Tex.1978), establishes as a matter of construction that an "abnormally large hole" in a roadway can be classed a "special defect." In *County of Harris v. Eaton,* the supreme court affirmed a personal injury recovery against a governmental unit by a woman whose car struck a large hole "almost as wide as the street" in the asphalt pavement of a Harris County road and turned upside down in a ditch beside the road. *Id.* at 178. The court wrote:

[W]e are to construe "special defect" to include those defects of the same kind or class as the ones expressly mentioned. The two examples that are included in the statute are not exclusive and do not exhaust the class....

... [A]n excavation or obstruction need not have been created by the governmental unit itself.... Whether created by the governmental unit, by natural forces or by third persons, the dangerous condition on the roadway is the same.

*Id.* at 179 (citations omitted). Whether the pothole in this case was sufficiently large to constitute a special defect is an issue of fact to be resolved by the jury.

### B. *Duty of Care*

■ LNVA next contends there remain no genuine issues of material fact because, even absent immunity, it breached no duty of care owed to the deceased. LNVA argues the decedent was in violation of *TEX. WATER CODE ANN. sec. 50.058* (Vernon Supp.1988) when he drove on the levee and that this violation made him a trespasser as a matter of law. Generally, a possessor of land owes a trespasser only the legal duty to refrain from injuring him willfully, wantonly, or through gross negligence. *Weaver v. KFC Management, Inc.,* 750 S.W.2d 24, 26 (Tex.App.—Dallas 1988, no writ). Appellant did not plead that LNVA acted willfully, wantonly or through gross negligence. Therefore, argues LNVA, no duty was breached under these pleadings. *See id.*

■ We do not find, however, that the decedent was a trespasser as a matter of law. A trespasser is one who enters upon another's property without right, lawful authority, or expressed or implied invitation, permission or license. *Mendoza v. City of Corpus Christi,* 700 S.W.2d 652, 654 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Section 50.058 of the Water Code provides, in pertinent part,

(b) Except as provided in Subsections (c) and (d) of this section, a person may not operate a motor vehicle on a levee, in a drainage ditch, or on land adjacent to a levee, canal, ditch....

(c) A district may authorize the use of motor vehicles on land that it owns or controls by posting signs on the property.

(d) This section does not prohibit a person from ... driving on a public road or highway....

....

(e) ... An offense under this section is a Class C misdemeanor, except ... a subsequent offense is a Class B misdemeanor.

LNVA cites no authority for the proposition that violation of this statute renders a person a trespasser for purposes of civil actions, and we find none. Section 50.058 does not forbid entry onto the named properties; it merely forbids operating a motor vehicle on or adjacent to the named properties.

Thus, left as questions of fact are whether the decedent was a trespasser or a licensee, and if a licensee, whether any duty owed a licensee was breached by LNVA.

## II. Troy Dodson Construction Company

### A. *Duty*

■ Dodson contends there remains no genuine issue of material fact as to whether appellee owed a legal duty to the decedent, an essential element of appellant's negligence action against Dodson.

Appellant's pleadings allege that several acts of negligence by Dodson were the proximate cause of the decedent's death, most of which acts stemmed from Dodson's failure to block off the levee when Dodson allegedly knew or should have known its construction work encouraged traffic to use the levee as an alternate route. Dodson contends the record is devoid of summary judgment evidence that the decedent or anyone else used the levee as a detour around the construction. We do not agree. The young woman who was riding with the decedent at the time of the accident, Paula Marks, testified by deposition that they took the levee as a shortcut. Another friend of the decedent, Anthony Chamberlain, testified that before the accident, he was with decedent when he drove on the levee. He said:

> [W]e went thataway ... 'cause if you didn't go thataway, you had to go through all this addition and everything to get around the other way. It was just a faster way to get through instead of— You know, construction had the roads blocked off the other way. You know, there was a lot of traffic that went up and down through there 'cause there was a lot of car tracks. You could tell where cars and stuff had been up there....

> [W]e'd been down it before. I'm sure other cars have, also.
>
> ....
>
> [I]t's a lot easier to go up like that than it is to go way back in this subdivision back there. You know, that was just a quicker route to go.

Dodson also contends the company owed no duty to the deceased because the state, not Dodson, had sole responsibility for designing traffic control plans around the construction site. However, a Dodson representative testified the company is "responsible for anything on the State right-of-way within the project limits." Whether Dodson indeed was responsible and, if so, just how far this responsibility extended in this case is an issue of fact to be resolved by the jury.

### B. *Proximate Cause*

■ Finally, Dodson contends there remains no genuine issue of material fact as to whether any act by Dodson proximately caused decedent's accident, also an essential element of appellant's negligence action against Dodson. For an act of negligence to constitute a proximate cause of harm or injury, both cause in fact and foreseeability must be shown. *Texas Am. Bank v. Boggess*, 673 S.W.2d 398, 400 (Tex. App.—Fort Worth 1984, writ dism'd by agr.).

Dodson concedes that contractors have a duty to warn of dangerous conditions on public highways if they created the conditions or controlled the areas and permitted the conditions to persist. *Jalco, Inc. v. Rodriguez*, 578 S.W.2d 452, 453 (Tex.Civ. App.—Waco 1979, no writ). Dodson asserts, however, that this duty does not extend to people "approximately one-quarter of a mile away from the construction site who were 'mudding' on a dirt levee not designated for public use" because this is not foreseeable. Chamberlain's deposition testimony indicating the levee appeared well travelled and was a convenient detour around the construction site, quoted *supra*, is sufficient summary judgment evidence on the question whether the levee was a foreseeable detour. The question remains,

therefore, as an issue of fact to be resolved by the jury. And the question whether decedent used the levee for recreational "mudding," [2] as Dodson contends, or as a detour around the construction zone, as appellant contends, is, as discussed *supra,* also a fact issue.

The judgment of the trial court is reversed and the case remanded.

REVERSED AND REMANDED.

---

**2.** Dodson's assertion that Paula Marks testified she and the decedent were mudding on the levee when the accident occurred is inaccurate. In fact, Ms. Marks testified the decedent had been mudding on the levee in the past, but that decedent took the levee as a "shortcut" on the day of the accident.