M. Yvonne BLANKENSHIP, Appellant,

v.

COUNTY OF GALVESTON, Appellee.

No. 01–88–01092.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 3, 1989.

Gerson D. Bloom, Galveston, for appellant.

Scott Lyford, Galveston County Legal Dept., Galveston, for appellee.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

## OPINION

EVANS, Chief Justice.

Mrs. M. Yvonne Blankenship brought this personal injury action against the County of Galveston under the Texas Tort Claims Act, Tex.Civ.Prac. & Rem.Code Ann. secs. 101.001–101.109 (Vernon Supp. 1989), alleging that she slipped and fell while on the stairway of the Galveston Seawall. The trial court granted the County's motion for a take-nothing summary judgment. Mrs. Blankenship appeals.

In Mrs. Blankenship's petition, she alleged that in April 1986, while she was attempting to descend the stairway of the Galveston Seawall, she slipped on algae that had grown on the granite rocks located at the base of the stairway. She contended that the algae growth was a natural condition of the premises, that it created an "ultra-hazardous slippery condition," and that it involved an unreasonable risk to her as a licensee of the premises. She alleged that the County should have realized this risk and had reason to believe that she, as its licensee, would not have discovered it. She further asserted that the County had failed to provide warning notices of the dangerous condition, despite the fact that similar warnings were placed along rock groins extending out into the water in other locations along the beach.

An agreed statement of facts was submitted to the trial court as part of the summary judgment record. The parties stipulated: (1) on April 26, 1986, Mrs. Blankenship slipped and fell, breaking her ankle, after descending stairs from the top of the Galveston Seawall to the rocks below; (2) the attached photograph showed the steps, the granite rocks located at their base, and the encroaching sea waters; (3) Mrs. Blankenship fell because of the presence of slippery, wet algae growth located on the rocks at the base of the stairs; (4) the County owns the seawall and the granite blocks where Mrs. Blankenship fell; and (5) there were no signs or other warnings of the conditions at the base of the stairs.

■ In Mrs. Blankenship's first point of error, she argues that the trial court erred in granting the summary judgment because the summary judgment record shows a genuine issue of material fact regarding her status on the County's property. In her brief, Mrs. Blankenship recognized the limitation on the County's liability for a claim arising from a "premise defect" under Tex.Civ.Prac. & Rem.Code Ann. sec. 101.022. Under that section, the County

owes a premise defect claimant only the duty that a private person owes to a licensee on private property, unless the claimant has paid for the use of the premises.

In her brief, Mrs. Blankenship contends there is a fact question about whether she paid for the use of the premises, arguing that she paid taxes, and contributed to the "community funds" through purchases made in and around the seawall area.

We overrule Mrs. Blankenship's contention. Mrs. Blankenship alleged in her petition that she was on the County's premises as a "licensee." On oral submission, Mrs. Blankenship conceded that this allegation constituted a judicial admission that established her status as a licensee on the premises. *See Major v. Loy,* 155 S.W.2d 617 (Tex.Civ.App.—Eastland 1941, no writ).

■ In Mrs. Blankenship's second and third points of error, she contends that the summary judgment record contains genuine issues of material fact concerning whether the condition of the premises constituted a "special defect," within the meaning of section 101.022. If such a "special defect" existed, then the County, having constructive notice of the defect, was required to warn her of the dangerous condition.

Mrs. Blankenship stipulated on oral submission that her second and third points of error rest solely on her claim that the condition constituted a "special defect." Thus, we are not concerned on this appeal with any other issue that would constitute an exception to the County's immunity from liability.

Mrs. Blankenship contends that the issue of whether the allegedly dangerous condition constituted a "special defect" within the meaning of the Texas Tort Claims Act presents an issue of fact, which the trial court erroneously determined as a matter of law.

Whether a particular set of circumstances creates a "dangerous condition" has usually been held to present a fact issue for the jury. *See State v. McBride;* 601 S.W.2d 552, 554 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.); *City of Austin v. Cook-sey,* 561 S.W.2d 874, 881 (Tex.Civ.App.—Eastland 1978), *rev'd on other grounds,* 570 S.W.2d 386 (Tex.1978). But whether a particular dangerous condition constitutes a "special defect," within the meaning of the Texas Tort Claims Act, usually has been decided by the courts as a matter of law. *See Turvey v. City of Houston,* 602 S.W.2d 517, 518 (Tex.1980); *County of Harris v. Eaton,* 573 S.W.2d 177, 180 (Tex. 1978); *Payne v. City of Galveston,* 772 S.W.2d 473 (Tex.App.—Houston [14th Dist.], 1989, writ pending) (en banc) (not yet reported); *Chappell v. Dwyer,* 611 S.W.2d 158, 161 (Tex.Civ.App.—El Paso 1981, no writ); *McBride,* 601 S.W.2d at 558; *State Highway Dept. of Hwys. v. Carson,* 599 S.W.2d 852, 854 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.); *Miranda v. State,* 591 S.W.2d 568, 568 (Tex.Civ.App.—El Paso 1979, no writ); *Sutton v. State Highway Dept.,* 549 S.W.2d 59, 61 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.); *Harris County v. Dowlearn,* 489 S.W.2d 140, 147 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.).

We find only one appellate holding that a special defect is a fact issue for the jury. *See Park v. Troy Dodson Constr. Co.,* 761 S.W.2d 98, 100 (Tex.App.—Beaumont 1988, n.w.h.). We do not follow the rationale of *Park* because we feel compelled to follow the long line of decisions that have determined the issue to be one of law. We consider these holdings to be in line with the established rule that a question involving statutory interpretation must be decided by the court. *See Knight v. International Harvester Credit Corp.,* 627 S.W.2d 382, 384 (Tex.1982).

Mrs. Blankenship cites the original panel opinion of the Fourteenth Court of Appeals in *Payne v. City of Galveston,* No. B–14–87–00793–CV (Tex.App.—Houston [14th Dist.], August 18, 1988, no writ). That panel opinion was later withdrawn, and an en banc opinion of the court filed May 11, 1989, was substituted in lieu thereof, 772 S.W.2d 473. As we read the court's en banc opinion, the majority of the court concluded that the particular set of circumstances did not, *as a matter of law,* constitute a special defect within the meaning of

the statute. According to our reading of the case, this was a legal decision that only the court could make. We recognize that one of the two dissenting opinions in *Payne* does lend some support to Mrs. Blankenship's contention, but for the reasons stated, we choose not to follow that rationale.

■ We accordingly hold that the trial court did not err in ruling, as a matter of law, that the condition alleged was not a "special defect" within the meaning of section 101.22. The condition was certainly not an "excavation or obstruction" on a highway, road, or street, which constitute a "special defect" under the express terms of the statute. Neither do we construe the condition to be a "special defect" under the rule of ejusdem generis. *See County of Harris*, 573 S.W.2d at 179. Thus, we hold that the trial court properly rendered the summary judgment in favor of the County of Galveston.

The judgment of the trial court is affirmed.

O'CONNOR, J., concurs.

O'CONNOR, Justice, concurring.

I concur in the result reached by the majority but I respectfully disagree with the principles the majority employs to reach that result.

This case and the Fourteenth Court's decision in *Payne v. City of Galveston*, 772 S.W.2d 473 (Tex.App.—Houston [14th Dist.], 1989, writ pending) (en banc), should be decided on the same principles. Both cases interpret "special defect" under the Texas Tort Claims Act, Tex.Civ.Prac. & Rem.Code Ann. ch. 101 (Vernon 1986) (the Act); both involve injuries on or near the Galveston seawall; both defendants are governmental entities (County and City of Galveston County in one, the City of Galveston in the other); both cases resulted in summary judgments against the plaintiffs; both cases were affirmed on appeal. The two cases present the same two issues: (1) What is a special defect under the Act? and (2) Is a special defect a legal issue for the trial court to decide or is it a fact issue?

1. To reduce confusion, I will refer to the opin-

There are three opinions in the *Payne* en banc case: the majority opinion, a dissent by Judge Ellis, and a dissent by Judge Murphy. The *Blankenship*[1] majority relies on the *Payne* majority but, in effect, holds to the contrary. I agree with the *Blankenship* majority, but not its reasoning. In summary, none agree on the definition of the issues or their resolution.

The *Payne* majority examined case law and found two characteristics of special defects: (1) the defects are related to a roadway; and (2) the defects are not apparent to the victim. *Payne*, 772 S.W.2d at 481. The court then noted that the seawall drop-off was 20 feet away from the roadway, separated by the sidewalk. The Court concluded from Mr. Payne's testimony that the hazard of the drop-off was readily apparent. *Id.* The *Payne* majority held that the seawall was not a special defect on the facts of that case. *Id.*

In his dissent, Judge Ellis argued that *any* dangerous condition on governmental property is a special defect. Judge Ellis challenged the majority's statement that special defects are always related to roadways and that the danger must not be obvious to the injured party. *Payne*, 772 S.W.2d at 480 (Ellis, J., dissenting). Judge Ellis concluded that the seawall was a special defect as a matter of law. *Id.* at 482.

In his dissent, Judge Murphy argued that the summary judgment was not proper because the plaintiffs raised a fact issue about whether the seawall was a special defect. He said when the dangerous condition is not "*on* a highway, road or street," the issue of governmental liability is a fact question for the jury. *Payne*, at 479 (Murphy, J., dissenting). It is not clear from Judge Murphy's opinion whether the defect must relate to a roadway.

The *Blankenship* majority says a special defect is not necessarily related to a road and treats the issue as a question of law for the trial court. *Blankenship*, op. at 441–442. I disagree. I think a special defect must, in some way, relate to excavation, obstruction, traffic signals, or warn-

ions in this case as the *Blankenship* opinions.

ing devices on a road, and the issue is a fact question for the jury.

I offer this chart to summarize what I think are the various positions in these two cases on the issues. I emphasize that this summary is merely my best guess of the various positions.

| Is a special defect: | Always related to a road? | One that is not apparent to the victim? | A fact issue? |
|---|---|---|---|
| Payne majority | Yes | Yes | Yes |
| Ellis, dissenting | No | No | No |
| Murphy, dissenting | ? | Yes | Yes |
| Blankenship majority | No | Did not reach | No |
| O'Connor, concurring | Yes | Did not reach | Yes |

The *Blankenship* opinions did not reach the issue of whether the condition must be apparent to the victim and I do not respond to it here. The only two issues I address are: What is a special defect, and is it a fact issue?

## 1. WHAT IS A SPECIAL DEFECT UNDER THE TORT CLAIMS ACT?

The Act imposes a duty on governmental entities to warn of special defects. The Act, however, does not define special defect. The Act only offers illustrations of special defects as:

> excavations or obstructions on highways, roads, or streets or to the duty to warn of absence, condition or malfunction of traffic signs, signals, or warning devices
> . . .

Tex.Civ.Prac. & Rem.Code Ann. § 101.022(b) (Vernon 1986). The supreme court said these examples are not exclusive. *County of Harris v. Eaton*, 573 S.W.2d 177, 179 (Tex.1978). By applying the *ejusdem generis* rule, the court said, we were "to construe 'special defect' to include those defects of the same kind or class as the ones expressly mentioned." *Id.*

In the *Payne* majority, the Fourteenth Court decided, I think correctly, that special defects are those defects that relate to a roadway. The cases the Fourteenth Court relied on were: *Chappell v. Dwyer*,

611 S.W.2d 158, 161 (Tex.Civ.App.—El Paso 1981, no writ) (an unmarked break in the bush that appeared to be an intersection but was actually an arroyo running alongside the road); *State v. McBride*, 601 S.W.2d 552, 558 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e) (slick mud on highway as a result of construction); *Miranda v. State*, 591 S.W.2d 568, 570 (Tex.Civ.App.—El Paso 1979, no writ) (flood water covering a low water crossing on a road); and *County of Harris v. Eaton*, 573 S.W.2d at 180 (large hole in the road).

There are other cases that support the *Payne* majority: *Park v. Troy Dodson Constr. Co.*, 761 S.W.2d 98, 100 (Tex.App.—Beaumont 1988, writ pending) (pothole on dirt levee); *City of San Antonio v. Hamilton*, 714 S.W.2d 372 (Tex.App.—El Paso 1986, writ ref'd n.r.e.) (low-water crossing of street); *City of Austin v. Cooksey*, 561 S.W.2d 874, 880 (Tex.Civ.App.—Eastland), *rev'd on other grounds*, 570 S.W.2d 386 (Tex.1978) (improperly set light pole next to highway).

There is only one case that does not support the *Payne* majority. In *County of Harris v. Dowlearn*, 489 S.W.2d 140, 147 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.), the Fourteenth Court held that a defective wall in the Harris County courthouse was a special defect. The *Payne* majority did not mention *Dowlearn;* only Judge Ellis' dissent referred to it. If the Fourteenth Court, speaking through the *Payne* majority, is now willing to disregard *Dowlearn*, I think we all should.

In summary, I believe that when an injury results from a defect that cannot be classified as a special defect because it does not *in any way* relate to excavation, obstruction, traffic signals, or warning devices on a road, the court must rule that the defect is not a special defect.[2] When, however, a defect in some way relates to those items listed in the statute, it may be a special defect.

That leaves the next question:

2. For example, under the *Payne* majority and my analysis, a defect in a public stadium could not be a "special" defect under Tex.Civ.Prac. & Rem.Code Ann. § 101.022(b), because it is not in any way related to a road. Under the analysis by the *Blankenship* majority and the *Payne* dissent by Judge Ellis, it could be a special defect.

## 2. IS A SPECIAL DEFECT A FACT ISSUE FOR THE JURY OR AN ISSUE OF LAW FOR THE COURT?

The majority holds that the issue of special defect is an issue of law for the trial court to decide. I think the issue is always a fact issue. To resolve the argument, we must first address the problem of what is a contested fact issue.

This question occurs in almost every stage of a trial and its resolution determines the outcome of some of the most important decisions made during the trial. When there is a contested fact issue, the trial court: (1) *cannot* grant a motion for summary judgment, a motion for directed verdict, or a motion for judgment notwithstanding the verdict; and (2) *must* submit the issue to the jury.

Assume fact "A" is important to the outcome of a case. Before the trial starts, there is no evidence of "A." After the plaintiff begins to introduce evidence of fact "A," there is some evidence. If plaintiff produces evidence that fact "A" is indisputable, plaintiff proved fact "A" as a matter of law. The evidence of fact "A" went from one absolute (no evidence) to the other (as a matter of law) and passed through all the sufficiency stages in between. If we could graph the progress of fact "A", it would look like this:

| No Evidence ······> | Insufficient ······> | Preponderance ······> | Great weight _____> | As a matter of law |
| | Evidence | of the Evidence | of the Evidence | |

When facts are proved (or not proved) absolutely, the issue is established and the court must apply the law. When the facts are contested, the jury [3] must decide them. Once the jury resolves the fact contest, the court must apply the law to the facts as established by the jury. In neither case does the court have any fact-finding power.

How do we know when a fact issue is in one of the end zones of the absolutes (no evidence or as a matter of law), or when the facts are still in contest?

The *Blankenship* majority examines most of the cases in which the question of a special defect arose and concludes that because the issue in those cases was decided by the court, it must always be decided by the court. The *Blankenship* majority says:

> As we read the *[Payne]* opinion, the majority of the court concluded that the particular set of circumstances did not, *as a matter of law*, constitute a special defect within the meaning of the statute.

According to our reading of the case, this was a legal decision that only the court could make.

*Blankenship*, op. at 441. I disagree that the *Payne* majority opinion said it was an issue for the court, and not the jury. The *Payne* majority said the question of whether a defect is a special defect is one of fact when it said:

> We hold that *under the facts of this case* the seawall is not a special defect as a matter of law.

*Payne*, 772 S.W.2d at 481 [emphasis added]. The *Blankenship* majority relies on the *Payne* language "as a matter of law" to mean the classification of a defect is always an issue for the court. I believe this reading of *Payne* is wrong. The Fourteenth Court held that "under the facts" the defect was not a special defect because the evidence was absolutely against the proposition.[4] The issue regarding the seawall was not decided by the Fourteenth Court; the court merely applied the law to

3. Or the judge in a non-jury trial. When I refer to the jury, I include the judge as a fact-finder in a non-jury trial.

4. The *Payne* majority used the term "as a matter of law," when the more correct term was "no evidence." If the court had used that term, the sentence would read: "Under the facts of this case, we hold there is no evidence the seawall is a special defect." Both terms, "no evidence"

and "as a matter of law," stand for the same proposition: The facts are established, and it is not necessary for the issue to go to the jury. Judge Murphy disagreed with the majority on this point. In his dissenting opinion he said there was enough evidence in the record to create a fact issue regarding the seawall as a special defect. *Payne*, 772 S.W.2d at 479–80 (Murphy, J., dissenting).

the facts. The *Payne* majority held the facts in the record established there was no evidence that the seawall was a special defect. The *Payne* plaintiff did not produce enough evidence to nudge the issue, whether the seawall was related to a road, beyond "no evidence."

After reviewing the special defect cases, the *Blankenship* majority continues:

> We consider these holdings to be in line with the established rule that a question involving statutory interpretation must be decided by the court.

*Blankenship*, op. at 441. I agree with the statement that the court must decide how to construe a statute. The trial court cannot, however, interpret and apply the law in the abstract; it can only interpret and apply the law when it knows the facts.

The facts of each case will determine if a defect is a special defect: Was the injury caused by a defect or obstruction on the road? Next to the road or a nearby excavation? Five feet away from the road? One mile from the road?

The *Blankenship* majority acknowledges its decision is at odds with a recent case from the Beaumont court, *Park v. Troy Dodson Constr. Co.*, 761 S.W.2d 98. I believe the Beaumont court was correct when it said:

> Whether the pothole in this case was sufficiently large to constitute a special defect is an issue of fact to be resolved by the jury.

*Id.* at 100. The Beaumont court recognized the principle that sometimes the facts are so strong they establish that a defect is, or is not, a special defect; but, when the facts are in dispute, the issue of whether a defect is a special defect must be resolved by the jury. In both cases, special defect is a fact issue; the only difference is the strength of the evidence.

In *Blankenship*, the majority says the slippery rocks at the base of the seawall are "certainly not an 'excavation or obstruction' on a highway, roadway, or street." *Blankenship*, op. at 442. I agree. I disagree, however, with the majority's holding that the issue of "special defect" is always a legal issue for the trial court.

When there is no evidence a defect is related to excavation, obstruction, traffic signals, or warning devices on a road, the facts absolutely establish that it is not a special defect. The case is then ready for the trial judge to impose the law and grant a summary judgment. In this case, for example, because the rocks were at the bottom of a stairway, the facts preclude the possibility the defect was related to excavation, obstruction, traffic signals, or warning devices on a road.

When, however, the evidence raises a question whether a defect was related to excavation, obstruction, traffic signals, or warning devices on a road, it is a fact issue for the jury. If a plaintiff in a case like *Payne* developed *any* evidence that the seawall was used as a street (for example, if the municipal authority permitted the seawall to be used for some motor vehicles), plaintiff could create a contested fact issue on whether the lack of a guard rail on the seawall was a special defect that precluded summary judgment.

If I were the author of the *Blankenship* majority opinion, I would hold: (1) to be a special defect under the Texas Tort Claims Act, the defect must relate to excavation, obstruction, traffic signals, or warning devices on a road; and (2) on the facts of this case, there is no evidence the condition created by the slippery rocks at the base of the stairway was related to excavation, obstruction, traffic signal, or warning device on a road.