In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-396 CV


____________________



TEXAS DEPARTMENT OF TRANSPORTATION, Appellant



V.



SARAH GRIFFIN, Appellee






On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D-020534-C






MEMORANDUM OPINION


 Sarah Griffin filed suit against the Texas Department of Transportation (TxDOT) for
personal injuries sustained when she slipped and fell in a parking lot at TxDOT's Travel
Information Center in Orange, Texas. The jury found both parties were negligent, attributing
twenty percent negligence to Griffin and eighty percent negligence to TxDOT. The jury
determined total damages of $131,400 and judgment was entered awarding Griffin $105,120
plus $7475.42 in costs, and interest. From that judgment, TxDOT brings this appeal.

 In its first issue, TxDOT claims the trial court erred in submitting a charge to the jury
on a special defect theory rather than a premises defect theory. We agree.

 Under the Tort Claims Act, TxDOT is liable for personal injury caused by a condition
of real property if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon
1997). TxDOT's duty is limited as follows: 

 § 101.022. Duty Owed: Premise and Special Defects


 (a) If a claim arises from a premise defect, the governmental unit owes
to the claimant only the duty that a private person owes to a licensee on private
property, unless the claimant pays for the use of the premises.


 (b) The limitation of duty in this section does not apply to the duty to
warn of special defects such as excavations or obstructions on highways,
roads, or streets or to the duty to warn of the absence, condition, or
malfunction of traffic signs, signals, or warning devices as is required by
Section 101.060.


Tex. Civ. Prac. & Rem. Code Ann. § 101.022 (Vernon 1997). 

 The trial court charged the jury with a special defect instruction over TxDOT's
objection. A special defect is a defect "on highways, roads, or streets." Tex. Civ. Prac. &
Rem. Code Ann. § 101.022(b). Special defects are unexpected and unusual dangers to
ordinary users of the roadway. State Dep't of Highways & Pub. Transp. v. Payne, 838
S.W.2d 235, 238 (Tex. 1992) (op. on reh'g). We agree with Griffin that a defect need not
occur upon the road surface itself, but find no support for her position that a parking lot "is
close enough." 

 In Morse v. State, 905 S.W.2d 470, 475 (Tex. App.--Beaumont 1995, writ denied), the
special defect was a drop-off on the shoulder of the highway. Andrews v. City of Dallas, 580
S.W.2d 908, 909 (Tex. Civ. App.--Eastland 1979, no writ), involved a concrete foundation
in the median of a divided highway. The "concrete foundation of the signal light [was] in
close proximity to the traveled portion of the street . . . ." Id. at 911. On the other hand, in
Bishop v. City of Big Spring, 915 S.W.2d 566, 568 (Tex. App.--Eastland 1995, no writ), the
water meter box hole that plaintiff stepped into, breaking her leg, was located between the
fence of the house and a city street. The court found it was a premises defect, not a special
defect, because it did not create a hazard or danger to the normal users of the road as
contemplated by section 101.022(b). Bishop, 915 S.W.2d at 571. Likewise, in Blankenship
v. County of Galveston, 775 S.W.2d 439, 440 (Tex. App.--Houston [1st Dist.] 1989, no writ),
the plaintiff slipped on algae that had grown on the granite rocks located at the base of a
stairway on the Galveston Seawall. The court held "[t]he condition was certainly not an
'excavation or obstruction' on a highway, road, or street, which constitute a 'special defect'
under the express terms of the statute." Id. at 442. Further, the court noted, "Neither do we
construct the condition to be a 'special defect' under the rule of ejusdem generis. See County
of Harris [v. Eaton, 573 S.W.2d 177, 179 (Tex. 1978)]." Id. at 442. The Texas Supreme
Court in Eaton, 573 S.W.2d at 179, noted that under the ejusdem generis rule, "we are to
construe 'special defect' to include those defects of the same kind or class as the ones
expressly mentioned." Eaton is therefore authority for the position that a special defect can
be something other than an excavation or obstruction. It does not relax the statute from
applying to highways, roads or streets.

 A defect in a parking lot, however close or connected to a highway, road or street that
parking lot may be, is not a condition which threatens normal users of the road. See Morse,
905 S.W.2d at 475. A defect is not a special defect if it is located so far from the roadway
that vehicular passengers and other normal users of the roadway are unlikely to encounter
it. See Payne, 838 S.W.2d at 239. Conditions, whether on a road or near one, are special
defects only if they pose a threat to the ordinary users of a particular roadway. See Morse,
905 S.W.2d at 475.

 Because the defective condition did not occur on a road and posed no threat to users
of the roadway, it was not a special defect. Accordingly, the trial court erred in submitting
a charge to the jury on that theory. TxDOT's first issue is sustained. 

 When a defendant objects to the charge with the result being that the plaintiff has
failed to secure a verdict upon which a judgment can be based, the proper result is to render
judgment for the defendant. See Clayton W. Williams, Jr., Inc. v. Olivo, 952 S.W.2d 523,
530 (Tex. 1997); Stripling v. McKinley, 746 S.W.2d 502, 505 (Tex. App.--Dallas 1988),
aff'd, 763 S.W.2d 407 (Tex. 1989). Accordingly, we reverse the trial court's judgment and
render a take-nothing judgment on Griffin's claims against TxDOT. 

 REVERSED AND RENDERED.





 CHARLES KREGER

 Justice


Submitted on May 19, 2005

Opinion Delivered August 11, 2005



Before McKeithen, C.J., Gaultney, and Kreger, JJ.