Opinion issued October 9, 2018



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00179-CV

_____

**CITY OF HOUSTON, Appellant**

**V.**

**MARION CRAWFORD, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-03361**

---

# MEMORANDUM OPINION

This is a slip-and-fall case. Appellant, City of Houston ("the City"), challenges the trial court's order denying its plea to the jurisdiction in the premises liability suit brought by appellee, Marion Crawford ("Crawford"). In one issue, the

City contends that the trial court erred in denying its plea to the jurisdiction because Crawford's claims are barred by governmental immunity. We affirm.

## Background

On June 18, 2015, Crawford was traveling from Little Rock, Arkansas to San Francisco, California on United Airlines with a layover in Houston, Texas. According to her pleadings, Crawford was walking through Terminal A at George Bush Intercontinental Airport when she "was caused to slip-and-fall due to a negligently maintained floor."

On January 19, 2016, Crawford filed suit against the City alleging premises liability.[1] On February 23, 2018, the City filed a plea to the jurisdiction in which it sought dismissal of Crawford's claims against it based on governmental immunity, asserting that the City lacked actual knowledge of the defect. In support of its plea, the City attached the affidavit of Dana Growden, the airport supervisor for Landside Operations for the Houston Airport System, on the date in question.

On March 5, 2018, Crawford filed a fourth amended petition and a response to the City's plea to the jurisdiction, in which she argued that the City had actual knowledge of the defective floor. To her response, Crawford attached, among other things, excerpts of the deposition testimony of her husband, Robert. On March 6, 2018, the City filed a reply to Crawford's response to the City's plea, arguing that

---

[1] United Airlines is a named defendant but is not a party to this appeal.

2

Crawford affirmatively negated jurisdiction by alleging that the City placed cones around the greasy area and, in doing so, warned her of the dangerous condition.

Following a hearing, the trial court entered an order denying the City's plea. This interlocutory appeal followed.

**Standard of Review**

"Whether a court has subject matter jurisdiction is a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The standard of review of an order granting or denying a plea to the jurisdiction based on governmental immunity is de novo. *See Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

In reviewing a trial court's ruling on a plea to the jurisdiction, we do not look to the merits of a case but, rather, consider only the pleadings and the evidence relevant to the jurisdictional inquiry, and we construe the pleadings liberally in favor of conferring jurisdiction. *See Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002). "If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *See Harris Cty. v. Luna–Prudencio*, 294 S.W.3d 690, 696 (Tex. App.—Houston [1st Dist.]

3

2009, no pet.). "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id*. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*, 133 S.W.3d at 228.

## Texas Tort Claims Act

Sovereign immunity and its counterpart for political subdivisions of the State, governmental immunity, exist to protect the State and its political subdivisions, including municipalities, from lawsuits and liability for money damages. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *see also Reata Constr. Corp. v. City of Dall.*, 197 S.W.3d 371, 374 (Tex. 2006).[2] The State, its agencies, and its subdivisions generally enjoy sovereign immunity from tort liability unless immunity has been waived. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001(3)(A)–(B) (West Supp. 2017), 101.025 (West 2011); *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000). The Legislature granted a limited waiver of immunity in the Texas Tort Claims Act ("TTCA"), which allows suits to

---

[2] "Governmental immunity is comprised of immunity from both suit and liability." *City of Dall. v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011). "Immunity from liability protects entities from judgments while immunity from suit deprives courts of jurisdiction over suits against entities unless the Legislature has expressly consented[.]" *Id.*

4

be brought against governmental units in limited circumstances. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

The TTCA permits suit against governmental units for personal injuries "caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011). Immunity from liability for premises defects is generally waived under section 101.021(2) because premises defects arise from a condition of real property. *See id.* §§ 101.021(2), .022(a) (addressing duty owed for premises defects); *Ogueri v. Tex. S. Univ.*, No. 01–10–00228–CV, 2011 WL 1233568, at *3 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.) (mem. op.).

## Discussion

The City contends that the trial court erred in denying its plea to the jurisdiction because Crawford's claims do not fall within the waiver of immunity under the TTCA. It argues therefore that the trial court lacked subject matter jurisdiction.

### A. Crawford's Status as Invitee or Licensee

We first address the City's contention that it owed Crawford the duty owed to a licensee rather than an invitee.

5

"The type of duty owed a plaintiff is part of the waiver analysis under the TTCA." *City of Irving v. Seppy*, 301 S.W.3d 435, 441 (Tex. App.—Dallas 2009, no pet.) (citing TEX. CIV. PRAC. & REM. CODE § 101.021–.022). Section 101.022(a) provides that "[i]f a claim arises from a premises defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." TEX. CIV. PRAC. & REM. CODE § 101.022(a); *see also Seppy*, 301 S.W.3d at 441. "If the plaintiff pays for the use of the premises, the governmental unit owes the plaintiff the duty owed to an invitee." *Seppy*, 301 S.W.3d at 441. The duty owed a licensee requires the landowner to avoid injuring the claimant "by willful, wanton, or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992). "The duty owed an invitee 'requires an owner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the owner is or reasonably should be aware.'" *Seppy*, 301 S.W.3d at 441 (quoting *Payne*, 838 S.W.2d at 237).

At the hearing on the City's plea, Crawford argued that she should be regarded as an invitee for purposes of analyzing her premises liability defect claim because, as a paying customer of United Airlines, she purchased a plane ticket which included

6

access to the airport. "[I]nvitee status requires payment of a specific fee for entry onto and use of public premises[.]" *City of Dall. v. Davenport*, 418 S.W.3d 844, 847–48 (Tex. App.—Dallas 2013, no pet.). However, a fee that merely relates to the premises is not sufficient under the TTCA to constitute payment for use of the premises. *See id.* at 848–49 (concluding that neither claimant's payment to park his car in airport parking garage nor his purchase of airline ticket constituted fee paid specifically for entry onto and use of terminal in area where he fell and, therefore, claimant was not invitee); *see also Churchman v. City of Hous.*, No. 01–96–00211–CV, 1996 WL 544250, at *2–3 (Tex. App.—Houston [1st Dist.] Sept. 26, 1996, writ denied) (not designated for publication) (concluding that claimant who paid to park in airport parking garage had paid for use of parking garage but not for use of airport terminal where she fell). Crawford was a licensee at the time of the accident, and the City owed her the duty owed to licensees.

## B. Special or Ordinary Premises Defect

We next consider the City's assertion that Crawford's claims constitute an ordinary defect rather than a special defect.

Under the TTCA, the governmental entity's standard of care depends upon whether the claim arises from an ordinary premise defect or a special defect. *See* TEX. CIV. PRAC. & REM. CODE § 101.022; *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex. 1997); *Wigfall v. Tex. Dep't of Criminal Justice*, 137 S.W.3d 268,

7

276 (Tex. App.—Houston [1st Dist.] 2004, no pet.). If a "special defect" creates an injury-causing condition, the governmental entity owes a claimant the same duty that a private landowner owes an invitee. *Roberts*, 946 S.W.2d at 843. If an ordinary premise defect causes an injury, the governmental entity owes the claimant the same duty that a private landowner owes a licensee. *See* TEX. CIV. PRAC. & REM. CODE § 101.022; *Roberts*, 946 S.W.2d at 843.

"The Legislature does not define special defect but likens it to conditions 'such as excavations or obstructions on highways, roads, or streets.'" *Univ. of Tex. v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010) (quoting TEX. CIV. PRAC. & REM. CODE § 101.022(b)); *see also Cty. of Harris v. Eaton*, 573 S.W.2d 177, 178–80 (Tex. 1978) (construing "special defect" as including those defects of the same kind or class as those expressly mentioned in the statute). In *Denton County v. Beynon*, the Texas Supreme Court reaffirmed that conditions can be special defects "only if they pose a threat to the ordinary users of a particular roadway." 283 S.W.3d 329, 331 (Tex. 2009) (citing *Payne*, 838 S.W.2d at 238 n.3). Numerous courts have determined that a slippery floor condition constitutes an ordinary premise defect. *See, e.g.*, *Nunley v. Tyler Cty.*, No. 09-06-049CV, 2007 WL 2002913, at *2 (Tex. App.—Beaumont July 12, 2007, no pet.) (mem. op.) ("A slippery floor condition is not a special defect."); *Wigfall*, 137 S.W.3d at 276 (concluding that slippery shower floor in prison unit was ordinary defect); *Blankenship v. Cty. of Galveston*, 775 S.W.2d 439,

8

440–42 (Tex. App.—Houston [1st Dist.] 1989, no writ) (holding slippery algae growth on stairs of Galveston seawall was ordinary defect and not special defect). Crawford's claim concerns an ordinary premise defect.

### C. Crawford's Premises Defect Claim

The City argues that Crawford's premises defect claim does not fall within the TTCA's waiver for ordinary premises defects because she (1) has not shown that the City had actual knowledge of the allegedly "slippery" or "greasy" floor and (2) negated jurisdiction by alleging and arguing that the City exercised ordinary care to protect her from the dangerous condition by warning her of the defective floor.

"A property possessor must not injure a licensee by willful, wanton, or grossly negligent conduct, and must use ordinary care either to warn a licensee of a condition that presents an unreasonable risk of harm of which the possessor is actually aware and the licensee is not, or to make the condition reasonably safe." *See Cty. of Cameron v. Brown*, 80 S.W.3d 549, 554–55 (Tex. 2002). To prevail on her premises liability claim under a licensee theory, Crawford has to prove that (1) a condition of the premises created an unreasonable risk of harm to Crawford; (2) the City actually knew of the condition; (3) Crawford did not know of the condition; (4) the City failed to exercise ordinary care to protect Crawford from the danger by failing to adequately warn Crawford of the danger and failing to make the condition

reasonably safe; and (5) the City's failure proximately caused Crawford's injury. *See State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996); *Wigfall*, 137 S.W.3d at 276.

### 1. Actual Knowledge

The City argues that it did not have actual knowledge of the allegedly "slippery" or "greasy" floor. Thus, it argues, Crawford has failed to establish a waiver under the TTCA for her premises defect claim.

To prove actual knowledge, the licensee must show that the owner actually knew of a "dangerous condition at the time of the accident." *City of Corsicana v. Stewart*, 249 S.W.3d 412, 413–14 (Tex. 2008) (per curiam) ("Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident, as opposed to constructive knowledge which can be established by facts or inferences that a dangerous condition could develop over time."). In determining whether a landowner has actual knowledge of a dangerous condition, "courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (per curiam). "Lack of notice of similar accidents from third parties, however, does not conclusively negate actual knowledge." *Seppy*, 301 S.W.3d at 444. "Actual knowledge of an unreasonably dangerous condition can sometimes be proven through circumstantial evidence." *Id.* (citing *City of Austin v. Leggett*, 257 S.W.3d 456, 476 (Tex. App.—Austin 2008,

10

pet. denied)). Circumstantial evidence establishes actual knowledge only when it "either directly or by reasonable inference" supports that conclusion. *State v. Gonzalez*, 82 S.W.3d 322, 330 (Tex. 2002); *see also City of San Antonio v. Rodriguez*, 931 S.W.2d 535, 537 (Tex. 1996).

In its plea as on appeal, the City contends that the evidence establishes that it did not have actual knowledge of the allegedly slippery or greasy floor. In support of its contention, the City relies on the affidavit of Dana Growden, the airport supervisor for Landside Operations for the Houston Airport System. Growden averred that she reviewed the records and reports in the Airport Safety and Operations Compliance System ("ASOCS") and found "no records or reports concerning notice of a dangerous condition, including grease or other liquid or foreign substance, or of any person slipping and falling or any incidents, in Terminal A for June 18, 2015," or for the six months prior to that date.

In her response to the City's plea, Crawford argued that the City, as the entity responsible for cleaning and maintaining the terminal floors, had actual knowledge of the dangerous condition. Crawford attached to her response the deposition testimony of her husband, Robert, who was travelling with her on the date of the accident. Robert testified that, prior to Crawford's fall, he was walking ahead of her in the terminal and observed cones placed around a greasy area on the floor. Indulging every reasonable inference and resolving any doubts in Crawford's favor,

11

we conclude that Crawford has raised a jurisdictional fact issue regarding the City's knowledge of a premises defect. *See Miranda*, 133 S.W.3d at 228.

### 2. Exercise of Ordinary Care

The City also contends that Crawford affirmatively negated jurisdiction by alleging and arguing in her amended pleadings that the City set down cones to warn of the defective floor. In doing so, the City argues, Crawford conceded that the City discharged its duty by adequately warning her of the dangerous condition.

The duty owed to licensees for an ordinary defect requires a landowner to use ordinary care to protect them by either adequately warning them of the condition or making the condition safe. *See Payne*, 838 S.W.3d at 237. "To be adequate, a warning must be more than a general instruction such as 'be careful'; the warning must notify of the particular condition." *Henkel v. Norman*, 441 S.W.3d 249, 252 (Tex. 2014); *see Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 925 (Tex. App.—Texarkana 2010, no pet.) (holding wet floor warning sign and verbal warning "'to be careful' because the 'floor may be a little damp'" was adequate as matter of law to discharge property owner's duty); *Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 369–71 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (concluding warning by cashier to customer to "watch the wet spot" was adequate warning as matter of law). "Warnings must be taken in context of the totality of the circumstances." *Henkel*, 441 S.W.3d at 252 (concluding that homeowner's

12

statement, "don't slip," to mailman "could only have been taken by a reasonable person as a warning of a specific condition—a slippery walking surface" caused by freezing temperatures).

Crawford argues that although the City placed cones on the floor, it failed to adequately warn of the dangerous condition because the cones failed to encompass the entire defective area, and that she slipped and fell outside the coned area. She further asserts that if the City had cleaned the greasy floor to make it dry and safe, then her accident would not have happened.[3] In support of her position, Crawford relies on Robert's testimony and a diagram Robert drew that was attached as an exhibit to his deposition transcript.

Robert testified, in pertinent part, as follows:

Q:  And so when you entered [the concourse], you observed the cones?

A:  Uh-huh.

Q:  And did you observe the grease that the cones were blocking?

A:  Uh-huh.

Q:  Did you observe the grease on this side of the cones here?

---

[3]     In its plea, the City did not address the second prong of the fourth element, that is, whether it made the condition reasonably safe. *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996) (stating fourth element of premises liability claim is "defendant failed to exercise ordinary care to protect plaintiff from danger, by both failing to adequately warn plaintiff of the condition and failing to make that condition reasonably safe").

13

A:    Well, more than likely, yeah.

Q:    Did you observe the grease outside the cones?

A:    No, I didn't observe the grease outside the cones.  I didn't see that until I got back.

Q;    And when you got back, you saw the grease outside the cones?

A:    Uh-huh.

Robert's diagram shows the greasy area outside of the cones and that Crawford fell outside the coned area.

Accepting as true all evidence favorable to Crawford, indulging all inferences in her favor, and resolving all doubts in her favor, we conclude that Crawford has raised a fact issue regarding whether the City adequately warned her of the extent of the dangerous condition.   Because Crawford presented evidence raising a fact question regarding this element of her premises liability claim, the trial court properly denied the City's plea to the jurisdiction. *See Luna-Prudencio*, 294 S.W.3d at 696.

We overrule the City's issue.

**Conclusion**

We affirm the trial court's order denying the City's plea to the jurisdiction on Crawford's premise liability claim.

                                        Russell Lloyd
                                        Justice

Panel consists of Justices Keyes, Bland, and Lloyd.